IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WARREN DURHAM, JR., )<br>           Plaintiff, )<br>     v. )<br>                        )<br>CITY & COUNTY OF ERIE, et al., )<br>           Defendants. ) | C.A. No. 04-297 Erie<br>District Judge McLaughlin<br>Magistrate Judge Baxter |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.   RECOMMENDATION**

It is respectfully recommended that the claims against Defendant Tackett be dismissed for failure to state a claim as they are barred by the statute of limitations.[1]

**II.   REPORT**

Plaintiff filed this lawsuit on October 6, 2004, alleging that his constitutional rights were violated by Defendants. Named as Defendants are: the City and County of Erie, Pennsylvania; Christopher McElynn, an Assistant District Attorney; Bruce Tackett, a forensic scientist; and Patrick Durkin and James Washburn, City of Erie Police officers.[2] Plaintiff also listed Judge Fred Anthony as a defendant.

In 1996, Plaintiff was convicted of rape, involuntary deviate sexual intercourse and related crimes in the Court of Common Pleas of Erie County, Pennsylvania. In 2004, the United States Court of Appeals for the Third Circuit granted Mr. Durham habeas relief and overturned his conviction based upon the denial of the Sixth Amendment right to counsel. See Civil Action Number 00-391E.

---

[1] This Court notes that Defendant Tackett is the only defendant to have raised the statute of limitations issue. Document # 3, Defendant Tackett's Answer to the Complaint, page 5.

[2] This is no indication that Plaintiff served Judge Anthony with the complaint.

1

In this case, Plaintiff does not allege constitutional violations due to the lack of counsel, but instead alleges that his trial was unfair.  Plaintiff claims that Defendant County of Erie failed to train or supervise its police officers and allowed an unreasonable search.  Plaintiff claims that Defendant ADA McElynn violated his constitutional rights by concealing exculpatory evidence, introducing false evidence, obtaining false statements, selecting a biased jury, and for making defamatory statements.  Plaintiff also raises a state law claim of malicious prosecution against Defendant McElynn

As to Defendants Durkin and Washburn, Plaintiff claims that they made false statements at trial, and searched his home without a warrant.  Plaintiff claims Defendant Tackett fabricated DNA evidence at the trial.  As relief, Plaintiff seeks monetary damages.

### A.    Standard of Review

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines v. Kerner, 404 U.S. 519, 520-521(1972) quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should be done so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements.  Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991).  Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant.  Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997).  See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same).

### B.     The Statute of Limitations period

Statutes of limitations are not "simply technicalities," but rather are "fundamental to a well-ordered judicial system." Board of Regents v. Tomanio, 446 U.S. 478, 487 (1980) ("Although filing deadlines, like statutes of limitations, necessarily operate harshly and arbitrarily with respect to individuals who fall just on the other side of the, if the concept of a filing deadline is to have any content, the deadline must be enforced."). The federal civil rights laws do not contain a specific statute of limitations for § 1983 actions. However, it is well established that the federal courts must look to the relevant state statute of limitations. Wilson v. Garcia, 471 U.S. 74, 78 (1985). In Pennsylvania, the statute of limitations is two years from the date of the alleged violation. See Urrutia v. Harrisburg County Police Dept., 91 F.3d 451 (3d Cir.(Pa.) 1996).

The events complained of in the complaint occurred in 1996. Therefore, in order to be within the statute of limitations, the complaint should have been filed in 1998. The complaint was received by the Clerk of Courts on October 6, 2004, well beyond the applicable statute of limitations.

### C.     The Equitable Tolling Doctrine

In cases where the statute of limitations operates as a bar, the doctrine of equitable tolling may "function[] to stop the statute of limitations from running where the claim's accrual date has already passed." Ormsby v. Luzerne County Dept. of Public Welfare Office of Human Services, 2005 WL 2184759, at * 1 (3d Cir. Sept. 12, 2005), quoting Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir.1994). Equitable tolling is "proper only when the 'principals of equity would make the rigid application of a limitation period unfair.'" Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003), quoting Miller v. New Jersey State Department of Corrections, 145 F.3d 616, 618 (3d Cir. 1998). Generally, federal courts "invoke the doctrine of equitable tolling only sparingly." United States v. Midgley, 142 F.3d 616 (3d Cir. 1998).

3

The plaintiff has the burden of establishing that the equitable tolling doctrine applies. Courtney v. La Salle University, 124 F.3d 499, 505 (3d Cir.1997). To invoke equitable tolling, a plaintiff must show that he exercised reasonable diligence in bringing his claims. New Castle County v. Halliburton NUS Corp., 111 F.3d 1116, 1126 (3d Cir. 1997), quoting Oshiver, 38 F.3d at 1390. See also Robinson v. Dalton, 107 F.3d 1018, 1023 (3d Cir.1997) ("[R]unning throughout the equitable tolling cases is the obligation of the plaintiff to exercise due diligence to preserve his ... claim.").

The Third Circuit has instructed that there are three principal situations in which equitable tolling may be appropriate: 1) where the defendant has actively misled the plaintiff regarding the cause of action; 2) where the plaintiff is some extraordinary way has been prevented from asserting his rights[3]; and 3) where the plaintiff has timely asserted his rights mistakenly in the wrong forum. Oshiver, 38 F.3d at 1387 (emphasis added).

The doctrine of equitable tolling does not apply in this case. Plaintiff has not exercised due diligence in preserving his claims as he was present at the time of the alleged violations in 1996 and he knew that his constitutional rights had allegedly been violated. Irwin v. Veterans Affairs, 498 U.S. 89, 96 (1990). Additionally, none of these three situations applies to the present case: Defendants have not misled Plaintiff regarding this cause of action; Plaintiff has not been prevented from asserting his rights by some extraordinary circumstance; and Plaintiff did not assert his rights in the wrong forum. The grant of habeas corpus relief in 2004 based on the denial of the right to counsel is irrelevant to the statute of limitations analysis of the claims that Plaintiff has raised in this case.

---

[3] See Lake v. Arnold, 232 F.3d 360, 371 (3d Cir. 2000) ("[W]here a guardian conspires to deprive a mentally incompetent person of her constitutional and civil rights, equitable tolling might be appropriate."); Barren v. United States, 839 F.2d 987, 990-1 (3d Cir.1988) (decedent's mental retardation does not provide the court with a basis for tolling the statute of limitations under the extraordinary circumstances prong); Garrick v. Vaughn, 2003 WL 22331774, at *3 (E.D. Pa. September 5, 2003) (in forma pauperis requirements are "not an extraordinary circumstance" because "all prisoners who wish to have their federal [...] filing fees waived need to complete such a form.").

Therefore, this case should be dismissed against Defendant Tackett as Plaintiff has failed to state a claim upon which relief may be granted.

### III.    CONCLUSION

For the foregoing reasons, this Court respectfully recommends this case be dismissed for failure to state a claim against Defendant Bruce Tackett as it is barred by the statute of limitations.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

                                          S/ Susan Paradise Baxter
                                          SUSAN PARADISE BAXTER
                                          Chief United States Magistrate Judge

Dated: November 9, 2005