# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WARREN DURHAM JR., | ) | C.A. No. 04-297E |
| Plaintiff | ) | District Judge McLaughlin |
| v. | ) | Magistrate Judge Baxter |
| | ) | |
| CITY AND COUNTY OF ERIE, | ) | |
| ET AL.        Defendants. | | |

## OBJECTION TO REPORT AND RECOMMENDATION

On November 12, 2005, the Plaintiff received from Magistrate Judge Susan Paradise Baxter the Report and Recommendation in regard to a civil rights lawsuit pursuant to 42 U.S.C. Section 1983 filed by Plaintiff claiming that his constitutional rights were violated by Defendants.

The Magistrate Judge is recommending that the claims against Defendant Bruce Tackett be dismissed for failure to state a claim as they are barred by the statute of limitation.

## I. RELEVANT FACTUAL AND PROCEDURAL HISTORY

On October 6, 2004, Plaintiff filed a civil action against Defendants pursuant to section 1983. This action resulted from the denial of constitutional rights to a fair trial; failure to train or supervise police officers; malicious prosecution; selecting a bias jury; introduction of false evidence; making defamatory statements to a Erie newspaper; involvement in extortion; and state tort claims.

On May 27, 2004, the United States Court of Appeals for the Third Circuit reversed Plaintiff's criminal conviction. On September 21, 2004, the Plaintiff was retried, subsequently on September 22, 2004, found not guilty by jury of all charges.

## II. OBJECTION

### A. Statute of Limitations:

The Magistrate Judge asserts in the Report and Recommendation that Plaintiff's 1983 action be dismissed because he has failed to file his civil claims within the applicable two-year statute of limitations. The Magistrate Judge is mistaken.

It is clear that federal courts use the limitation period for personal injury standard under Pennsylvania law, applying a two-year statute of limitations to a claim under section 1983. Phillips v. Heydt, 197 F.Supp.2d 207, 216 (E.D.Pa.2002). A section 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated. Heck v. Humphrey, 114 S.Ct. 2364 (1994).

In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. Section 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under a section 1983. Heck, supra.

The Magistrate Judge nor Defendant Tackett disputes that Plaintiff's conviction was reversed on May 27, 2004, or that a Erie County jury found Plaintiff not guilty of all criminal charges on September 22, 2004. Seemingly, the fabrication of DNA evidence at Plaintiff's criminal trial would certainly render his conviction or sentence invalid. Thus, a 1983 action does not accrue until such conviction or sentence has been invalidated. It matters not what claim, out of several presented, the Third Circuit chose to reverse Plaintiff's criminal conviction. It is obvious then that claims against Defendant Tackett is not barred by the statute of limitations.

## CONCLUSION

For all the reasons stated above, the Plaintiff respectfully request that relief be granted in his behalf.

Respectfully submitted,

*Warren Durham Jr.*
**WARREN DURHAM JR.**

DATED: 11/15/05

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WARREN DURHAM JR., | ) | C.A. No. 04-297E |
| Plaintiff | ) | District Judge McLaughlin |
| v. | ) | Magistrate Judge Baxter |
| | ) | |
| CITY AND COUNTY OF ERIE, | ) | |
| ET AL.   Defendants. | | |

## CERTIFICATE OF SERVICE

I, Warren Durham Jr., hereby certify that a true and correct copy of the foregoing "Objection to Report and Recommendation" was served upon the persons named below by:

### FIRST CLASS MAIL:

Kemal Alexander Mericli
Senior Deputy Attorney General
564 Forbes Avenue
Pittsburgh, Pa. 15219

Edmond R. Joyal Jr., Esquire
975 Two Chatham Center
Pittsburgh, Pa. 15219

*Warren Durham Jr.*
WARREN DURHAM JR.
12119 MATHERSON AVE.
CLEVELAND, OH. 44135

DATED: 11/15/05