IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WARREN DURHAM, JR., | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 04-297 Erie |
| | ) | District Judge McLaughlin |
| CITY & COUNTY OF ERIE, et al., | ) | Magistrate Judge Baxter |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.      RECOMMENDATION**

It is respectfully recommended that the motion to dismiss filed by Defendants
Christopher McElynn and County of Erie [Document # 12] be granted.

**II.      REPORT**

Plaintiff filed this lawsuit on October 6, 2004, alleging that his constitutional rights were
violated by Defendants.  Named as Defendants are: the City of Erie, Pennsylvania and the
County of Erie, Pennsylvania; Christopher McElynn, an Assistant District Attorney; Bruce
Tackett, a forensic scientist; and Patrick Durkin and James Washburn, City of Erie Police
officers. Plaintiff also listed Judge Fred Anthony as a defendant.[1]

In 1996, Plaintiff was convicted of rape, involuntary deviate sexual intercourse and
related crimes in the Court of Common Pleas of Erie County, Pennsylvania.  In 2004, the United
States Court of Appeals for the Third Circuit granted Mr. Durham habeas relief and overturned
his conviction based upon the denial of the Sixth Amendment right to counsel.  See Civil Action
Number 00-391E.

In the present case, Plaintiff does not allege constitutional violations due to the lack of

---

[1] This is no indication on the docket that Plaintiff served Judge Anthony with the
complaint.

1

counsel, but instead alleges that his trial was unfair for other reasons.  Plaintiff claims that

Defendants City and County of Erie failed to train or supervise its police officers and allowed an

unreasonable search by police officers.  Plaintiff claims that Defendant ADA McElynn violated

his constitutional rights by concealing exculpatory evidence, introducing false evidence,

obtaining false statements, selecting a biased jury, and for making defamatory statements.

Plaintiff also raises a state law claim of malicious prosecution against Defendant McElynn.[2]  As

relief, Plaintiff seeks monetary damages.

### A.      Standards of Review

#### 1.      *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards

than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim

if it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim

which would entitle him to relief.'"  Haines v. Kerner, 404 U.S. 519, 520-521(1972) quoting

Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  If the court can reasonably read pleadings to state

a valid claim on which the litigant could prevail, it should be done so despite failure to cite

proper legal authority, confusion of legal theories, poor syntax and sentence construction, or

litigant's unfamiliarity with pleading requirements.  Boag v. MacDougall, 454 U.S. 364 (1982);

United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared

by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith

v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections,

949 F.2d 360 (10th Cir. 1991).  Under our liberal pleading rules, a district court should construe

all allegations in a complaint in favor of the complainant.  Gibbs v. Roman, 116 F.3d 83 (3d

Cir.1997).  See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P.

12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir.

---

[2]  As to the other Defendants, Plaintiff claims that Defendants Durkin and Washburn
made false statements at trial and searched his home without a warrant and that Defendant
Tackett fabricated DNA evidence at the trial.

1990)(same).

### 2.      Motion to dismiss

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true.  Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976).  The motion cannot be granted unless the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984).  The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim.  Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974).  Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief.  Therefore, in order to survive a motion to dismiss for failure to state a claim, the complaint must set forth sufficient information to suggest that there is some recognized legal theory upon which relief can be granted.

### 3.      Motion for summary judgment

Defendants have submitted exhibits in support of their motion to dismiss.   Therefore, this Court will convert the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) to a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.  See Burns v. Harris County Bail Bond Bd., 139 F.3d 513, 517 (5th Cir.1998). ("When matters outside the pleadings are presented to and not excluded by the district court, the district court must convert a motion to dismiss into a motion for summary judgment.");  Greer v. Smith, 2003 WL 1090708, *1 (3d Cir. (Pa.) March 10, 2003) ("the District Court considered material outside of the pleadings and, therefore, should have converted the motion for dismissal to a summary judgment motion, allowing the plaintiff an opportunity for appropriate discovery and a reasonable opportunity to present all material made pertinent to the motion.").

Federal Rule of Civil Procedure 56(c)  provides that summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Rule 56(e) further provides that when a motion for summary judgment is made and supported, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party."  Id.

A district court may grant summary judgment for the defendant when the plaintiff has failed to present any genuine issues of material fact.  See Fed.R.Civ.P. 56(c); Krouse v. American Sterilizer Co., 126 F.3d 494, 500 n.2 (3d Cir. 1997).  The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims.  Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Country Floors, Inc. v. Partnership Composed of Gepner and Ford, 930 F.2d 1056, 1061 (3d Cir. 1990).  Further, "[R]ule 56 enables a party contending that there is no genuine dispute as to a specific, essential fact 'to demand at least one sworn averment of that fact before the lengthy process of litigation continues.'" Schoch v. First Fidelity Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990) quoting Lujan v. National Wildlife Federation, 497 U.S. 871 (1990).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Matsushita Elec. Indus. Co. v Zenith Radio Corp., 475 U.S. 574 (1986); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment).  The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim.

4

Celotex, 477 U.S. at 322; Country Floors, 930 F.2d at 1061.

A material fact is a fact whose resolution will affect the outcome of the case under applicable law. Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248 (1986). Although the court must resolve any doubts as to the existence of genuine issues of fact against the party moving for summary judgment, Rule 56 "does not allow a party resisting the motion to rely merely upon bare assertions, conclusory allegation or suspicions." Firemen's Ins. Co. of Newark, N.J. v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982). Summary judgment is only precluded if the dispute about a material fact is "genuine," i.e., if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson, 477 U.S. at 247-249.

### B.      Defendant Christopher McElynn

Plaintiff's allegations against Defendant McElynn include:

26.     Defendant, Christopher McElynn, acted indifferent to Plaintiff's constitutional rights when allowing the prosecutrix in his criminal case to extort monies from Plaintiff's family. That said malicious action was ignored to assure favorable testimony against Plaintiff.

27.     Defendant, McElynn, did cause the Plaintiff to be maliciously prosecuted when concealing and/or destroying exculpatory evidence.

28.     Defendant, McElynn, violated Plaintiff's right to a fair trial when obtaining false statements from Defendants, Tackett, Washburn and Durkin.

29.     Defendant McElynn, did violate Plaintiff's right to a fair trial when selecting a biased jury, despite an affirmative response of biasness from jurors.

30.     Defendant McElynn, acted with deliberate indifference to the risks that his subordinates would introduce false evidence at the Plaintiff's criminal trial.

31.     Defendant McElynn, has established a policy and custom in his office of using false evidence during Plaintiff's trial, which violated Plaintiff's right to a fair trial. That his malicious acts were for a purpose other than brining Plaintiff to justice.

32.     Defendant McElynn, did make false and defamatory statements against Plaintiff in the local Erie newspaper. That such statements represented to the public that the Plaintiff was mentally imbalanced and morally corrupt.

5

Document # 1, Complaint.  Plaintiff also raises a state tort claim of malicious prosecution.

Defendant McElynn moves to dismiss this action on the basis that he is entitled to prosecutorial immunity.

A prosecutor engaged in "activities [ ] intimately associated with the judicial phase of the criminal process" is absolutely immune from section 1983 money damages.  Imbler v. Pachtman, 424 U.S. 409, 420 (1976).  See also Kalina v. Fletcher, 522 U.S. 118, 125 (1997); Buckley v. Fitzsimmons, 509 U.S. 254 (1993).   Actions that relate to the prosecutor's role as an advocate are "judicial" actions.  Mancini v. Lester, 630 F.2d 990, 993 (3d Cir. 1980).  For example, prosecutors are absolutely immune from claims for malicious prosecution, for solicitation of perjured testimony, and for conspiracy with state actors while engaged in an advocacy role.  See Rose; Imbler.  In fact, a prosecutor's duties extend beyond the actual filing of a lawsuit.  In Imbler, the Supreme Court noted that "the duties of the prosecutor in his role as an advocate for the state involve actions preliminary to the initiation of a prosecution and action separate from the courtroom." 424 U.S. at 431, n. 33.  Thus, prosecutors are absolutely immune from liability for filing false charges or initiating a prosecution.  Briscoe v. LaHue, 460 U.S. 325, 334 (1982); Kulwicki v. Dawson, 969 F.2d 1454, 1463 (3d Cir. 1992).

 Prosecutors engaged in solely administrative or investigative duties are not absolutely immune.  Rose v. Bartle, 871 F.2d 331, 343 (3d Cir. 1989).  "A prosecutor acting in an investigative or administrative capacity is protected only by  qualified immunity."  Carter v. City of Philadelphia, 181 F.3d 339, 356 (3d Cir. 1999).  However, in Burns v. Reed, the Supreme Court held that "almost any action by a prosecutor, including his or her direct participation in purely investigative activity could be said to be in some way related to the ultimate decision whether to prosecute, but we have never indicated that absolute immunity is that expansive." 500 U.S. 478, 495 (1991).

All of the actions about which Plaintiff complains were taken in Defendant McElynn's capacity as a prosecutor.  Accordingly, Defendant McElynn should be dismissed from this lawsuit because he is entitled to prosecutorial immunity and the motion to dismiss should be

granted in this regard.[3]

### C.   Defendant County of Erie

Plaintiff's allegations against Defendant County of Erie include:

18.   Defendants, City and County of Erie, violated Plaintiff's rights under the Fourth, Sixth and Fourteenth Amendments.  The Defendants has [sic] officially sanctioned its decision makers to deprive Plaintiff of his constitutional right to a fair trial, resulting in malicious prosecution.

19.   That Defendants, City and County of Erie, has [sic] officially adopted and promulgated a persistent, wide spread practice by Defendants, McElynn, Tackett and Anthony to violate Plaintiff's right to a fair trial.

20.   That even if Defendants, City and County of Erie, although not authorized by officially adopted and promulgated policy, it is so common and well settled as to constitute a custom that fairly represents municipal policy that violated the right of Plaintiff to a fair trial.

21.   That Defendants, City and County of Erie, actions whether officially adopted or not authorized, was nevertheless taken with deliberate indifference as to its known or obvious consequences to Plaintiff, that of deprivation of rights inflicted.  The Defendants has [sic] shown deliberate indifference in the obvious pattern of its policy makers deprivation of the constitutional right to a fir trial.

22.   Defendants, City and County of Erie, violated Plaintiff's rights under the Fourth and Fourteenth Amendments.  Specifically its failure to train or supervise police officers adequately or failure to respond to complaints about the un constitutional acts of police officers.

23.   That Defendants, City and County of Erie, has [sic] officially adopted and promulgates a persistent, widespread practice of Defendants, Washburn and Durkin to violate Plaintiff's rights against unreasonable searches.

24.   That even if Defendants, City and County of Erie, although not authorized by officially adopted and promulgated policy, it is so common and well settled as to constitute a custom that fairly represents municipal policy that violated the right of Plaintiff to a fair trial.

---

[3]  This Court will not exercise its discretion to retain supplemental jurisdiction over the state tort claim of malicious prosecution. See United Mine Workers of America v. Gibbs, 383 U.S. 715 (1966) ("That power [of supplemental jurisdiction] need not be exercised in every case in which it is found to exist. It has consistently been recognized that pendent [or supplemental] jurisdiction is a doctrine of discretion, not of plaintiff's right. ... Certainly, if the federal claims are dismissed before trial, ... the state claims should be dismissed as well.").

25.     That Defendants, City and County of Erie, actions whether officially adopted or not authorized was nevertheless a deliberate or conscious choice by a policy and its known or obvious consequences to Plaintiff, that of deprivation of rights inflicted.  The Defendant has shown deliberate indifference in the obvious pattern of its police officers deprivation of constitutional right against unreasonable searches.

Document # 1, Complaint.  Although Plaintiff has grouped his allegations against the City and County of Erie together, the City and County are represented separately. Defendant County of Erie moves to dismiss this case in that none of the named individual Defendants are employees of the County.[4]

In order to establish liability under § 1983, plaintiff must show that: (1) he was deprived of rights secured by United States Constitution or laws of United States, and (2) he was subjected or caused to be subjected to constitutional deprivation by person acting under color of state law. 42 U.S.C.A. § 1983.

The Eleventh Amendment proscribes actions in the federal courts against states, their agencies, and state officials acting within their official capacities.  Laskaris v. Thornburgh, 661 F.2d 23 (3d Cir. 1981)(Pennsylvania); Mt. Healthy City Board of Education v. Doyle, 429 U.S. 274 (1977) (state agencies); Edelman v. Jordan, 415 U.S. 651 (1974) (state employees acting in their official capacity).  The only ways that a state agency may be sued in federal court are if (1) the state has waived its Eleventh Amendment immunity (Kentucky v. Graham, 473 U.S. 159 (1985)), or (2) Congress has made it unmistakably clear in either the language of a statute or in its legislative history that it is its intention to permit such suits (Board of Trustees of the University of Alabama v. Garrett, 531 U.S. 356 (2001)).  Thus, unless Erie County has consented to suit here or the Congress has expressly abrogated this institution's Eleventh Amendment immunity, neither of which has occurred, this case should be dismissed against the county.

In addition, entities acting under color of state law cannot be held liable under 42 U.S.C.

---

[4]  Defendant City of Erie has filed an answer to the complaint instead of a dispositive motion.  Document # 4.

§ 1983 on a *respondeat superior* theory.  Monell v. Department of Social Services, 436 U.S. 658
(1978) (superiors of line officers who act in violation of constitutional rights may not be held
liable on a theory of vicarious liability merely because the superior had a right to control the line
officer's action); Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293-1295 (3d Cir. 1997) (to
hold police chief liable under § 1983 for violating female subordinate officer's rights, she was
required to prove that he personally participated in violating the her rights, that he directed
others to violate her rights, or that he had knowledge of and acquiesced in his subordinates'
violations).

        To state a viable claim under section 1983 against Erie County, Plaintiff must allege that
he was injured as the result of a "policy or custom" of this entity-defendant.  Monell, 436 U.S.
691.  A "[p]olicy is made when a 'decisionmaker possess[ing] final authority to establish
municipal policy with respect to the action' issues an official proclamation, policy or edict."
Andrews v. City of Philadelphia, 895 F.2d 1469, 1480 (3d Cir. 1990).   A custom "can be
proven by showing that a given course of conduct, although not specifically endorsed or
authorized by law, is so well-settled and permanent as virtually to constitute law."  Bielevicz v.
Dubinon, 915 F.2d 845, 850 (3d Cir. 1990).  While Plaintiff's complaint contains broad
assertions of "custom and policy," he cannot state a claim against the County of Erie because the
police officers are not employees or in any way controlled by the County.  See Document # 13,
Exhibit B, Affidavit of County Solicitor John Onorato.   The County of Erie is named in this
lawsuit simply as the entity-in-charge and thus, Plaintiff's complaint fails to state a claim upon
which relief may be granted.

        Therefore, summary judgment should be granted in favor of Defendant County of Erie.


**III.    CONCLUSION**

        For the foregoing reasons, this Court respectfully recommends that the motion to dismiss
filed by Defendants Christopher McElynn and County of Erie [Document # 12] be granted.

        In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local

Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights. _____

_____

S/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief United States Magistrate Judge

Dated: November 30, 2005