IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WARREN DURHAM JR., | ) | C.A. NO. 04-297E |
| Plaintiff | ) | |
| V. | ) | District Judge McLaughlin |
| | ) | Magistrate Judge Baxter |
| CITY AND COUNTY OF ERIE, | ) | |
| ET AL.        Defendants. | | |

## OBJECTION TO REPORT AND RECOMMENDATION

On December 5, 2005, the Plaintiff received from Chief Magistrate Judge Susan Paradise Baxter the Report and Recommendation in regard to a civil rights lawsuit pursuant to 42 U.S.C. Section 1983 filed by Plaintiff claiming that his constitutional rights were violated by Defendants.

The Magistrate Judge is recommending that the motion to dismiss filed by Defendants County of Erie and Christopher McElynn be granted.

## I. RELEVANT FACTUAL AND PROCEDURAL HISTORY

On October 6, 2004, Plaintiff filed a civil action against Defendants pursuant to section 1983. This action resulted from the denial of constitutional rights to a fair trial; failure to train or supervise police officers; malicious prosecution; selecting a bias jury; introduction of false evidence; making defamatory statements to a Erie newspaper; involvement in extortion; and state tort claims.

## II. OBJECTIONS

### A. Prosecutorial Immunity:

The Magistrate Judge asserts in the Report and Recommendation ("R&R") that "[a]ll of the actions about which Plaintiff complains were taken in Defendant McElynn's capacity as a prosecutor." (R&R at p.6)(emphasis added) That McElynn should be dismissed from the lawsuit because he is entitled to prosecutorial immunity.

However, the United States Supreme Court reaches a different conclusion. In Buckley v.

1.

Fitzsimmons, 113 S.Ct. 2606 (1993), the Court held that prosecutors were not entitled to absolute immunity on the claim that they knowingly obtained false statements from a witness for the purpose of prosecuting the plaintiff. Noting that shopping for a dubious expert opinion was held to be unprotected by absolute immunity. A prosecutor neither is, nor should consider himself to be, an advocate before he has probable cause to have anyone arrested.

A cursory reading of Plaintiff's allegations against McElynn is surely why the Court hesitated in granting absolute immunity to wayward prosecutors. See: Plaintiff's allegations against Defendant McElynn:

> 26. Defendant, Christopher McElynn, acted indifferent to Plaintiff's constitutional rights when allowing the prosecutrix in his criminal case to extort monies from Plaintiff's family. That said malicious action was ignored to assure favorable testimony against Plaintiff.
>
> 27. Defendant, McElynn, did cause the Plaintiff to be maliciously prosecuted when concealing and/or destroying exculpatory evidence.
>
> 28. Defendant, McElynn, violated Plaintiff's right to a fair trial when obtaining false statements from Defendants, Tackett, Washburn and Durkin.
>
> 29. Defendant McElynn, did violate Plaintiff's right to a fair trial when selecting a biased jury, despite an affirmative response of biasness from jurors.
>
> 30. Defendant McElynn, acted with deliberate indifference to the risks that his subordinates would introduce false evidence at the Plaintiff's criminal trial.
>
> 31. Defendant McElynn, has established a policy and custom in his office of using false evidence during Plaintiff's trial, which violated Plaintiff's right to a fair trial. That his malicious acts were for a purpose other than bringing Plaintiff to justice.
>
> 32. Defendant McElynn, did make false and defamatory statements against Plaintiff in the local Erie newspaper. That such statements represented to the public that the Plaintiff was mentally imbalanced and morally corrupt.

The truth of Plaintiff's allegations remain, and the same being never challenged by the Defendants. These allegations form the bases not only of Plaintiff's malicious prosecution claim, but also his claims that he was denied a fair trial and that his arrest and imprisonment were unsupported by probable cause.

Moreover, the Court relying on Buckley, ruled that prosecutors do not have absolute immunity for comments made to the media.

Justly, summary judgment should be granted in favor of Plaintiff.

### B. <u>Municipal Liability</u>:

The Magistrate Judge concludes that the Plaintiff cannot state a claim against the County of Erie because the police officers are not employees or in any way controlled by the County. Additionally, the Magistrate Judge referred to the Affidavit of County Solicitor John Onorato which basically mimic the above. It cannot be ignored the Court's holding in <u>Port Authority Trans-Hudson Corporation v. Feeney</u>, 110 S.Ct. 1868 (1990), that counties and cities are not so integrally related to the State that they are shielded from suit in federal court. Nor does the Eleventh Amendment bar suit against counties in federal court. <u>Lincoln County v. Luning</u>, 10 S.Ct. 363 (1890).

Accordingly, a municipality's inaction, specifically its failure to train or supervise officers adequately or failure to respond to complaints about the allegedly unconstitutional acts of officers, can also be an official policy subjecting it to 1983 liability. <u>Russoli v. Salisbury TP.</u>, 126 F.Supp.2d 821 (E.D.Pa.2000). See: <u>Colburn v. Upper Darby Township</u>, 838 F.2d 663 (3d Cir.1988)(an official policy may be inferred from informal acts or omissions of supervising municipal officals); <u>Pineda v. City of Houston</u>, 124 F.Supp.2d 1057 (S.D.Tex.2000)(official policy, for purpose of section 1983 liability is a policy statement, ordinance, regulation or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority).

The Plaintiff must therefore show that the acts complained of occurred under color of state law and that Warren Durham Jr. was deprived of rights guaranteed by the Constitution or laws of the United States. <u>Parratt v. Taylor</u>, 101 S.Ct. 1908 (1981). The Plaintiff continuously argues that the actions of the Defendants who entered his home resulted from the following official policies or customs of the Erie police department: allowing unconstitutional searches of private residents and other property in violation of the Fourth and Fourteenth Amendments; providing inadequate training and supervision; and, directing the Defendants to conduct law enforcement activities in an unsavory manner. The affirmative defenses relied on by Defendants cannot be sustained as a matter of law. It must also be noted that what the Plaintiff alleged has yet to be denied by the Defendants. Summary judgment should be denied Defendants.

### C. Request Judgment Entered:

It is axiomatic that judicial immunity do not protect a "state judge" from claims for injunctive relief in a 1983 action. Suits against state officials are explicitly allowed by section 1983 and that suits for injuctive relief against "state judges" were necessary to effectuate the historical practice of federal court oversight of state courts. See,e.g., Bolin v. Story, 225 F.3d 1234 (11th Cir.2000).

Admittedly, Defendant Judge Anthony issued an order dated August 10, 2004, that upon information that he was named in a civil suit, which also caused his recusal in another matter. However, the Defendant did not defend against the Plaintiff's allegations, thus, summary judgment should be entered for Plaintiff and against Defendant Judge Anthony. (Exhibit A)

### D. Discovery Request:

The Magistrate Judge converted the motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) to a motion for summary judgment pursuant to Fed.R.Civ.P. 56. See: Burns v. Harris County Bail Bond Bd., 139 F.3d 513,517 (5th Cir.1998).

However, the Plaintiff was not afforded the opportunity for appropriate discovery and a reasonable opportunity to present all materials pertinent. See: Greer v. Smith, 2003 WL 1090708, 1 (3rd Cir.2003)(the district court considered material outside of the pleading and, therefore, should have converted the motion for dismissal to a summary judgment motion, **allowing the plaintiff an opportunity for appropriate discovery and a reasonable opportunity to present all material made pertinent to the motion**). The discovery request should be allowed before summary judgment is entered for Defendants.

### CONCLUSION

For all the reasons stated above, summary judgment should be denied Defendants.

Respectfully submitted,

*/s/ Warren Durham Jr.*
WARREN DURHAM JR.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WARREN DURHAM JR., | ) | C.A. NO. 04-297E |
| Plaintiff | ) | |
| V. | ) | District Judge McLaughlin |
| | ) | Magistrate Judge Baxter |
| CITY AND COUNTY OF ERIE, | ) | |
| ET AL.          Defendants. | | |

## CERTIFICATE OF SERVICE

I, Warren Durham Jr., hereby certify that a true and correct copy of the foregoing "Objection to Report and Recommendation" was served upon the persons named below by:

**FIRST CLASS MAIL:**

Kemal Alexander Mericli
Senior Deputy Attorney General
564 Forbes Avenue
Pittsburg, Pa. 15219

Edmond R. Joyal Jr,,Esq.
975 Two Chatham Center
Pittsburgh, Pa. 15219

*/s/ Warren Durham Jr.*
WARREN DURHAM JR.
12119 MATHERSON AVE.
CLEVELAND, OH. 44135

DATED: 12/12/05