IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WARREN DURHAM, JR., | ) Docket No. 04 – 297 ERIE |
| | ) (Judge Sean J. McLaughlin) |
| Plaintiff | ) |
| | ) ELECTRONICALLY FILED PLEADING |
| vs. | ) |
| | ) RESPONSE OF COUNTY OF ERIE AND |
| CITY and COUNTY OF ERIE; | ) CHRISTOPHER McELYNN TO |
| CHRISTOPHER McELYNN, individually | ) PLAINTIFF'S OBJECTIONS TO THE |
| in his capacity as assistant district attorney; | ) REPORT AND RECOMMENDATION OF |
| BRUCE TACKETT, individually in his | ) THE MAGISTRATE JUDGE |
| capacity as forensic scientist; JAMES | ) |
| WASHBURN, individually in his capacity | ) Filed on behalf of Defendants, County of Erie |
| as police officer; PATRICK DURKIN, | ) and Christopher McElynn |
| individually in his capacity as police | ) |
| officer; FRED P. ANTHONY, in his | ) Counsel of record for this party: |
| capacity as judge, | ) |
| | ) Mark E. Mioduszewski |
| Defendants | ) Knox McLaughlin Gornall & Sennett, P.C. |
| | ) 120 West Tenth Street |
| | ) Erie, PA  16501-1461 |
| | ) (814) 459-2800 |
| | ) (814) 453-4530/fax |
| | ) mmioduszewski@kmgslaw.com |
| | ) PA ID #30301 |

**RESPONSE OF COUNTY OF ERIE AND CHRISTOPHER McELYNN
TO PLAINTIFF'S OBJECTIONS TO THE REPORT AND
RECOMMENDATION OF THE MAGISTRATE JUDGE**

**BACKGROUND**

Mr. Durham commenced this action by filing a complaint against several defendants, including these defendants, the County of Erie and Christopher McElynn, who at the time of the events giving rise to this lawsuit, served as an assistant district attorney. Mr. Durham, who was charged with and prosecuted for sex crimes, alleged that the City and County of Erie adopted, promulgated or at least were deliberately indifferent to a persistent,

widespread practice among police officers, including defendants James Washburn and Patrick Durkin, to commit unconstitutional, unreasonable searches. (Complaint, Section IV)

Mr. Durham then lodged the following allegations against the prosecuting attorney, Mr. McElynn:

> 26. Defendant, Christopher McElynn, acted indifferent to plaintiff's constitutional rights when allowing the prosecutrix in his criminal case to extort monies from plaintiff's family. That said malicious action was ignored to assure favorable testimony against plaintiff.
>
> 27. Defendant, McElynn, did cause the plaintiff to be maliciously prosecuted when concealing and/or destroying exculpatory evidence.
>
> 28. Defendant, McElynn, violated plaintiff's right to a fair trial when obtaining false statements from defendants, Tackett, Washburn and Durkin.
>
> 29. Defendant, McElynn, did violate plaintiff's right to a fair trial when selecting a biased jury, despite an affirmative response of biasness from jurors.
>
> 30. Defendant, McElynn, acted with deliberate indifference to the risks that his subordinates would introduce false evidence at the plaintiff's criminal trial.
>
> 31. Defendant, McElynn, has established a policy and custom in his office of using false evidence during plaintiff's trial, which violated plaintiff's right to a fair trial. That his malicious acts were for a purpose other than bringing plaintiff to justice.
>
> 32. Defendant, McElynn, did make false and defamatory statements against plaintiff in the local Erie newspaper (Exhibit A). That such statements represented to the public that the plaintiff was mentally unbalanced and morally corrupt.

Mr. Durham seeks compensatory damages in the sum of $3,000,000.00, punitive damages in the amount of $10,000,000.00 and other relief.

On April 8, 2005, the County of Erie and Mr. McElynn filed a motion to dismiss, contending that Mr. McElynn is entitled to absolute immunity as a prosecutor. In addition, Mr. McElynn raised the affirmative defenses of *res judicata* and collateral estoppel, because Mr. Durham had earlier filed suit against Mr. McElynn alleging prosecutorial misconduct; the dismissal of that suit was affirmed by the Pennsylvania Supreme Court: Durham v. McElynn, 565 Pa. 163, 772 A.2d 68 (2001). Finally, the County contended that there was no factual basis for a claim against it that it is responsible for the violation by law enforcement officers of Mr. Durham's civil rights because the police officers who allegedly subjected Mr. Durham to the unreasonable search were not employees of the County: rather, they were employees of the City of Erie, a distinct defendant. The County and Mr. McElynn supported their motion to dismiss with a brief which was filed on the same day as was the motion to dismiss.

On or about May 12, 2005, Mr. Durham filed a response to these defendants' motion to dismiss as well as a memorandum of law in support of his position. On June 29, 2005, the County and Mr. McElynn filed a reply brief in support of their motion to dismiss. Then, on November 30, 2005, Chief United States Magistrate Judge Susan Paradise Baxter issued a report and recommendation, concluding that the motion to dismiss filed by the County and Mr. McElynn be granted. In the report, Magistrate Judge Baxter concluded that Mr. McElynn was entitled to prosecutorial immunity from the Section 1983 claims based upon his alleged prosecutorial misconduct. Magistrate Judge Baxter similarly recommended that the Court not exercise its discretion to retain supplemental jurisdiction over the state tort claim of malicious prosecution. Finally, Magistrate Judge Baxter concluded that a Section 1983 claim could not be asserted against the County of Erie because the police officers who originally deprived

3

Mr. Durham of his right to be free from unreasonable searches were employees of the City of Erie and not the County of Erie.

On December 14, 2005, Mr. Durham filed an objection to the report and recommendation. On December 16, 2005, United States District Judge Sean J. McLaughlin entered an order directing the County of Erie and Mr. McElynn to file a response to the objections. It is in compliance with Judge McLaughlin's order that this response is filed.

**ARGUMENT**

**I.**

**MR. McELYNN IS ABSOLUTELY IMMUNE FROM SECTION 1983 FOR ALL ALLEGED ACTS OF PROSECUTORIAL MISCONDUCT BUT HIS ALLEGED DEFAMATORY STATEMENTS. HOWEVER, MR. McELYNN'S ALLEGED DEFAMATORY STATEMENTS DO NOT GIVE RISE TO A CLAIM UNDER SECTION 1983 AND MR. McELYNN IS ABSOLUTELY IMMUNE FROM STATE CLAIMS ARISING OUT OF THE ALLEGED DEFAMATORY COMMENTS.**

In his objections to the report and recommendations of the Magistrate Judge, Mr. Durham relies principally if not solely upon the decision of the court in Buckley v. Fitzsimmons, 509 U.S. 259, 113 S. Ct. 2606, 125 L. Ed. 2d 209, 61 U.S.L.W. 4713 (1993). In that case, Buckley, who was charged with the rape and murder of an 11 year old girl, sued, among others, Fitzsimmons, a prosecutor, under 42 U.S.C. §1983, accusing Fitzsimmons of fabricating evidence during the preliminary investigation of the crime and making false statements at a press conference announcing the return of an indictment against Mr. Buckley. Fitzsimmons sought the dismissal of the case on the grounds that he was absolutely immune from liability.

Buckley is viewed as having established a "temporal line" for determining whether actions of a state prosecutor in the investigation and prosecution of a crime entitle him to qualified immunity, absolute immunity or no immunity at all. The court held that whether a prosecutor is entitled to absolute immunity from Section 1983 liability did not depend upon the nature of his office; rather, it depended upon the nature of the conduct which is being alleged as the basis for the Section 1983 claim. Applying this functional approach, the court discerned a difference between the role of a prosecutor as an advocate in preparing for or appearing at trial, and his role as an investigator or administrator in the search for or evaluation of evidence which might lead to an indictment. The court concluded that comments made by the prosecutor to the media during the announcement of the indictment had no functional tie to the judicial process and the prosecutor was not entitled to absolute immunity for making those statements. The court also concluded that the claims of Buckley concerning the extraction of statements implicating him by coercing two witnesses and paying them money were not sufficiently defined in order for the court to determine whether immunities applied.

Although Mr. Durham cites this Court to the decision in Buckley which is reported at 509 U.S. 259, 113 S. Ct. 2606, 125 L. Ed. 2d 209, 61 U.S.L.W. 4713 (1993), he does not discuss the procedural path taken in Buckley following that decision. In Buckley v. Fitzsimmons, 20 F.3d 789 (7 Cir. 1994) ("Buckley III"), the court concluded not that the prosecuting attorney was entitled to immunity from Section 1983 claims; rather, it concluded that the claims based on coercion of witnesses and defamation are not actionable under Section 1983.

With respect to the former, the court expressed its distaste for conduct which included the exchange of money for information and coercing witnesses to speak. However,

5

exchanging money for information and promising to "go easy" on an informant is not a practice which violates the Constitution (although concealing this conduct would violate the rights of the criminal defendant). And while coercing witnesses to speak has constitutional implications, the constitutional wrong resulting from the coercion is to the witness rather than the defendant against whom the coerced statement is used. And while using a coerced confession from a witness could violate the constitutional rights of the criminal defendant who is implicated by that confession, the prosecutor under those circumstances would enjoy absolute immunity.

With respect to the claims based upon defamation, the court acknowledged that the commission of slander during a press conference maybe actionable under state law; however, defamation is not a constitutional tort because a person's interest in his reputation is neither "liberty" nor "property" for purposes of the due process clause. Similarly, injury to reputation may produce a loss of liberty or property ("stigma plus") but the redressible constitutional injury is the loss of the identifiable liberty or property, but not the slander as such. Although Buckley undeniably lost liberty when he was arrested and imprisoned, it was not because of the remarks made by the prosecutor during the press conference announcing Buckley's indictment.

Mr. Buckley once again filed a petition for a writ of certiorari from the decision of the Seventh Circuit in Buckley III. However, that petition was denied: Buckley v. Fitzsimmons, 513 U.S. 1085, 115 S. Ct. 740 (mem), 130 L. Ed. 2d 642, 63 U.S.L.W. 3515 (1995). Mr. Buckley's next stop was before the United States District Court for the Northern District of Illinois, Eastern Division. In Buckley v. County of DuPage, 1996 W.L. 10899 (N.D. Ill. 1996), the court dismissed Mr. Buckley's common law defamation claims against prosecutor Fitzsimmons because Illinois law extends an absolute privilege against defamation to executive branch officials for statements made within the scope of their official duties. Mr. Buckley

6

protested this decision in view of the Supreme Court's refusal in <u>Buckley II</u> to absolutely immunize a prosecutor from liability for defamation. The District Court for the Northern District of Illinois found no anomaly:

> Buckley's only response to these conclusions is that by recognizing an absolute privilege immunizing Fitzsimmons against his allegedly defamatory press conference statements, this Court will create an anomalous result since the United States Supreme Court has previously decided that Fitzsimmons was not entitled to absolute immunity for those statements. This argument is unavailing. The Supreme Court rejected Fitzsimmons' absolute prosecutorial immunity defense to Buckley's Section 1983 claims under <u>Imbler v. Pachtman</u>, 424 U.S. 409, 96 S. Ct. 984 (1976), finding that Fitzsimmons was not acting as an advocate in conducting the press conference and that the press conference 'did not involve the initiation of a prosecution, the presentation of the state's case in court, or actions prepatory to these functions.' <u>Buckley</u>, 113 S. Ct. at 2618. The Supreme Court did not consider, however, the separate basis for absolute immunity now advanced by Fitzsimmons in response to Buckley's *common law defamation claims;* namely, that he is entitled to an absolute privilege against defamation under Illinois law because he made the allegedly defamatory statements in the performance of his public duties as an executive branch official. Accordingly, granting Fitzsimmons an absolute immunity defense to Buckley's common law defamation claim under Illinois law does not circumvent the Supreme Court's Section 1983 immunity decision.

1996 W.L. 10899, 8 (italics in original).

Thus, the Seventh Circuit's decision in <u>Buckley III</u> disposes of all of Mr. Durham's Section 1983 claims against Mr. McElynn. The claims enumerated in paragraphs 26 through 30 of Mr. Durham's complaints either do not give rise to actionable claims under Section 1983 or they are claims with respect to which Mr. McElynn is absolutely immune. The claim at paragraph 32 of Mr. Durham's complaint that Mr. McElynn defamed him by statements made to the Erie newspaper are not accompanied by any claim that Mr. McElynn's statements resulted in any loss of liberty or property to Mr. Durham; accordingly, the allegations at paragraph 32 of the complaint have no constitutional implications.

7

Finally, Mr. McElynn is absolutely immune from Mr. Durham's state law claims of defamation and malicious prosecution: Durham v. McElynn, 565 Pa. 163, 772 A.2d 68 (2001).

## II.

**THE COUNTY OF ERIE IS NOT SUBJECT TO LIABILITY UNDER SECTION 1983 BECAUSE THE POLICE OFFICERS WHO ALLEGEDLY VIOLATED MR. DURHAM'S CONSTITUTIONAL RIGHT TO BE FREE FROM UNREASONABLE SEARCHES WERE NOT ITS EMPLOYEES OR REPRESENTATIVES.**

In his objections to the report and recommendation of the magistrate judge, Mr. Durham cites this Court to Greer v. Smith, 2003 W.L. 1090708,1 (3 Cir. 2003) in support of the proposition that because the Magistrate Judge relied in part upon an affidavit submitted by the County of Erie as part of its motion to dismiss under Rule 12(b)(6), the Court should have permitted Mr. Durham to pursue pretrial discovery because the submission of the affidavit with the motion to dismiss converted the motion to a motion for summary judgment. Initially, it should be noted that the Greer decision is specifically designated by the Third Court as being non-precedential. More to the point, however, the entire focus of Mr. Durham's objections to this part of the Magistrate Judge's report and recommendation discusses a municipality's exposure to liability for failure to train or supervise its law enforcement officers. Mr. Durham does nothing to address the Magistrate Judge's conclusion based upon the affidavits submitted by the County of Erie that the County did not employ and was not represented by any of the police officers who Mr. Durham alleges violated his constitutional rights. Mr. Durham does not suggest what pretrial discovery could do to address this fact and make it different.

Accordingly, the defendants, County of Erie and Christopher McElynn, respectfully request Your Honorable Court to enter an order dismissing the objections of the plaintiff, Warren Durham, Jr., and adopting the report and recommendation, dated November 30, 2005, of Chief United States Magistrate Judge Susan Paradise Baxter, thereby dismissing this case.

        Respectfully submitted,

        KNOX McLAUGHLIN GORNALL &
        SENNETT, P.C.

By: /s/ Mark E. Mioduszewski
       Mark E. Mioduszewski
       120 West Tenth Street
       Erie, PA  16501-1461
       (814) 459-2800
       (814) 453-4530/fax
       mmioduszewski@kmgslaw.com
       PA ID #30301

       Attorneys for Defendants,
       County of Erie and Christopher McElynn

ka# 649137

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WARREN DURHAM, JR., )<br>)<br>Plaintiff )<br>) Civil Action No. 04 – 297 E<br>vs. )<br>)<br>CITY and COUNTY OF ERIE; )<br>CHRISTOPHER McELYNN, individually )<br>in his capacity as assistant district attorney; )<br>BRUCE TACKETT, individually in his )<br>capacity as forensic scientist; JAMES )<br>WASHBURN, individually in his capacity )<br>as police officer; PATRICK DURKIN, )<br>individually in his capacity as police )<br>officer; FRED P. ANTHONY, in his )<br>capacity as judge, )<br>)<br>Defendants ) | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the ___ day of December, 2005, a copy of the within document was served on all counsel of record and unrepresented parties in accordance with the applicable rules of court.

                                                            _____
                                                            Mark E. Mioduszewski

# 649137