IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WARREN DURHAM JR ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | C.A. No. 04-297 Erie |
| ) | District Judge McLaughlin |
| CITY AND COUNTY OF ERIE, et al. ) | Magistrate Judge Baxter |
|     Defendants. ) | |

## MEMORANDUM ORDER

    Plaintiff filed this lawsuit on October 6, 2004, alleging that his constitutional rights were violated by Defendants. Named as Defendants are: the City and County of Erie, Pennsylvania; Christopher McElynn, an Assistant District Attorney; Bruce Tackett, a forensic scientist; and Patrick Durkin and James Washburn, City of Erie Police officers.[1]

    In 1996, Plaintiff was convicted of rape, involuntary deviate sexual intercourse and related crimes in the Court of Common Pleas of Erie County, Pennsylvania. In 2004, the United States Court of Appeals for the Third Circuit granted Mr. Durham habeas relief and overturned his conviction based upon the denial of the Sixth Amendment right to counsel. See Civil Action Number 00-391E.

    In this case, Plaintiff alleges that his trial was unfair. Plaintiff claims that Defendant County of Erie failed to train or supervise its police officers and allowed an unreasonable search. Plaintiff claims that Defendant Assistant District Attorney McElynn violated his constitutional rights by concealing exculpatory evidence, introducing false evidence, obtaining false statements, selecting a biased jury, and for making defamatory statements. Plaintiff also raises a state law claim of malicious prosecution against Defendant McElynn. As to Defendants Durkin and Washburn, Plaintiff claims that they made false statements at trial, and searched his home

---

[1] Plaintiff also listed Judge Fred Anthony as a defendant, but there is no indication on the docket that Plaintiff served Judge Anthony with the complaint.

without a warrant. Plaintiff claims Defendant Tackett fabricated DNA evidence at the trial. As relief, Plaintiff seeks monetary damages.

By Report and Recommendation issued November 9, 2005, this Court recommended the dismissal of the claims against Defendant Tackett based upon the time bar of the statute of limitations. Plaintiff filed Objections to the Report and Recommendation; Defendant Tackett did not file Objections to the Report and Recommendation or a Response to Plaintiff's Objections.

In his Objections, Plaintiff argues that the statute of limitations should be tolled because he was precluded by the favorable termination requirement of Heck v. Humphrey, 512 U.S. 477 (1994), from filing this lawsuit until after his criminal conviction had been overturned in 2004. Document # 21.

Plaintiff's argument is this regard necessitates discussion. In Heck v. Humphrey, the Supreme Court held that in order to bring a claim for monetary damages for an "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, or declared invalid by a state tribunal." 512 U.S. at 486-87. The favorable termination requirement effectively results in the deferred accrual of a claim for purposes of statute of limitations.

However, the so-called deferred accrual rule of Heck does not automatically toll the statute of limitations in every case. In deciding Heck, the Supreme Court "explain[ed] that not all constitutional claims arising from an arrest and prosecution are the kind that are subject to the deferred accrual rule." Gibson v. Superintendent of N.J. Dept. of Law and Public Safety, 411 F.3d 427, 435 (3d Cir. 2005). "[C]laims can be brought under § 1983, even without favorable termination, if the district court determines that success on the § 1983 claim would not necessarily imply the invalidity of the conviction." Id. at 451. In Gibson, the Third Circuit

2

recently adopted a "fact based approach requir[ing] a district court to inquire into the nature of the criminal conviction and the antecedent proceedings." Id. at 448.

In light of the holding in Gibson, this Court vacates its Report and Recommendation recommending the dismissal of the claims against Defendant Tackett based upon the statute of limitations. There is no record before this Court which would allow the undersigned to examine the full "nature of the criminal conviction and the antecedent proceedings" as mandated by the Gibson holding. Therefore, at this time dismissal based upon the statute of limitations is premature.

AND NOW, this 10th day of January, 2006;

IT IS HEREBY ORDERED that the Report and Recommendation issued on November 9, 2005, be VACATED.

IT IS FURTHER ORDERED that the parties are allowed ten (10) days from this date to appeal this order to a district judge pursuant to Local Rule 72.1.3 B. Failure to appeal within ten (10) days may constitute waiver of the right to appeal.

S/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
CHIEF UNITED STATES MAGISTRATE JUDGE