IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WARREN DURHAM, JR., | ) Civil Action No. 04 – 297 E |
| | ) |
| Plaintiff | ) (Judge Sean J. McLaughlin) |
| | ) |
| vs. | ) Electronically Filed Pleading: |
| | ) |
| CITY and COUNTY OF ERIE; | ) RESPONSE OF THE COUNTY OF ERIE |
| CHRISTOPHER McELYNN, individually | ) AND CHRISTOPHER McELYNN TO |
| in his capacity as assistant district attorney; | ) PLAINTIFF'S MOTION FOR SUMMARY |
| BRUCE TACKETT, individually in his | ) JUDGMENT |
| capacity as forensic scientist; JAMES | ) |
| WASHBURN, individually in his capacity | ) Filed on behalf of defendants: |
| as police officer; PATRICK DURKIN, | ) County of Erie and Christopher McElynn |
| individually in his capacity as police | ) |
| officer; FRED P. ANTHONY, in his | ) Counsel of record for this party: |
| capacity as judge, | ) Mark E. Mioduszewski |
| | ) PA ID #30301 |
| Defendants | ) |
| | ) KNOX McLAUGHLIN GORNALL & |
| | ) SENNETT, P.C. |
| | ) 120 West Tenth Street |
| | ) Erie, PA  16501-1461 |
| | ) Office: (814) 459-2800 |
| | ) FAX:   (814) 453-4530 |
| | ) Email:  mmioduszewski@kmgslaw.com |

## RESPONSE OF THE COUNTY OF ERIE AND CHRISTOPHER McELYNN TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

AND NOW, come the defendants, County of Erie and Christopher McElynn, by their counsel, Knox McLaughlin Gornall & Sennett, P.C., and file this response to the motion of the plaintiff, Warren Durham, Jr., for summary judgment, setting forth in support thereof the following:

1. Warren Durham, Jr. commenced this action by filing a complaint against several defendants, including these defendants, the County of Erie and Christopher McElynn, who at the time of the events giving rise to this lawsuit, served as an assistant district attorney for Erie County. Mr. Durham, who was charged with and prosecuted for sex crimes, alleged that the City and County of Erie adopted, promulgated or at least were deliberately indifferent to a persistent, widespread practice among police officers, including defendants James Washburn and Patrick Durkin, of committing unconstitutional, unreasonable searches. Mr. Durham charged that Mr. McElynn violated Mr. Durham's constitutional rights by introducing or permitting the introduction of false evidence during Mr. Durham's initial trial; concealing exculpatory evidence from Mr. Durham; and selecting a biased jury. Mr. Durham also charged Mr. McElynn with making defamatory statements concerning the plaintiff in the local Erie newspaper. Finally, Mr. Durham charged that Bruce Tackett, a forensic scientist, falsified DNA evidence at Mr. Durham's first criminal trial.

2. On April 8, 2005, the County of Erie and Mr. McElynn filed a motion to dismiss Mr. Durham's claim. The motion generally proceeded on the following grounds:

> (a) The conduct of Mr. McElynn which was the subject of Mr. Durham's complaint occurred while Mr. McElynn served as an assistant district attorney

2

        for Erie County, Pennsylvania. Accordingly, Mr. McElynn is immune from liability;

(b)    Mr. McElynn was previously found to enjoy prosecutorial immunity in a lawsuit earlier filed by Mr. Durham against Mr. McElynn in state court. The dismissal of Mr. Durham's state court lawsuit was affirmed in <u>Durham v. McElynn</u>, 565 Pa. 163, 772 A.2d 68 (2001). Thus, Mr. Durham's second lawsuit against Mr. McElynn, arising out of the same factual background, is barred by principals of *res judicata* and collateral estoppel; and

(c)    The County of Erie cannot be held civilly liable, directly or vicariously, for any of the conduct of Judge Fred P. Anthony, police officers Washburn or Durkin, or forensic scientist Bruce Tackett, because none of those actors was employed by the County of Erie and their conduct does not establish a persistent, widespread practice of civil rights violations by the County.

    3.    Thereafter, on May 12, 2005, Mr. Durham filed a response to the motion of the County of Erie and Mr. McElynn to dismiss his complaint. The County and Mr. McElynn filed a reply to Mr. Durham's response and on November 30, 2005, Chief Magistrate Judge Susan Paradise Baxter issued a report and recommendation that the motion of these defendants to dismiss be granted. Judge Paradise Baxter found that Mr. McElynn was protected from liability by principles of prosecutorial immunity and that the complaint failed to state a cause of action based upon customs or policies on the part of the County of Erie for violating criminal defendants' civil rights because none of the individuals whose conduct was alleged to have established or evidenced a policy or custom was employed by or acting on behalf of the County of Erie.

    4.    On December 12, 2005, Mr. Durham filed objections to the report and recommendation and on December 29, 2005, the County of Erie and Mr. McElynn responded to

Mr. Durham's objections. Therein, these defendants pointed out that Mr. McElynn was absolutely immune from liability for conduct in which he engaged as a prosecutor or as an advocate. And although Mr. McElynn would not have been acting as an advocate when making allegedly defamatory comments to the media, because these comments were not alleged to have deprived Mr. Durham of liberty or property, a violation of Mr. Durham's civil rights did not occur. Finally, although Mr. Durham requested the opportunity to take discovery with respect to the position of the County that none of the other individual defendants' conduct could be attributable to it, Mr. Durham did not suggest what pretrial discovery could do to shed any meaningful light on this issue.

       5.       On January 9, 2006, while the motion of the County of Erie and Mr. McElynn to dismiss were pending before Judge McLaughlin, Mr. Durham filed a motion for summary judgment and a supporting memorandum. In the statement of facts of the memorandum (document No. 27), Mr. Durham elaborates on the basic allegations made by him in his complaint concerning the actions of the City of Erie Police Department and the assistant district attorney while investigating the crime with which Mr. Durham was charged and prosecuting him thereafter. Therein, Mr. Durham discussed the procedural history of <u>Buckley v. Fitzsimmons</u>, 20 F.3d 789 (7 Cir. 1994), which was the subject of the response filed on December 29, 2005 by the County of Erie and Mr. McElynn to Mr. Durham's objections to the Magistrate Judge's report and recommendations. Mr. Durham also argued that the Political Subdivision Tort Claims Act stripped municipalities of immunity to liability for intentional torts by employees, regardless of whether those employees are "high public officials". And although Mr. Durham once again discussed what he believed to be irregularities which occurred during his

4

criminal trial, the majority of his argument is based upon improprieties which allegedly occurred during Mr. Durham's arrest and the search of his person and residence.

      6.    Mr. Durham's motion for summary judgment should be denied, for the following reasons:

    (a)    Mr. Durham's motion is premature. Pending before this Court is a motion of the County and Mr. McElynn to dismiss this claim pursuant to Rule 12(b)(6); these defendants have not yet filed an answer to the complaint addressing the factual averments on the merits. Thus, the record does not even indicate what allegations made by Mr. Durham are factually disputed. The only facts before the Court are Mr. Durham's allegations in his complaint and supplemental filings which provide only his side of the story;

    (b)    There is no basis for imposing liability upon Mr. McElynn, the assistant district attorney:

        (i)    All conduct by Mr. McElynn in trial and in direct preparation for trial were in his role as a prosecutor and an advocate. Clearly, under <u>Buckley v. Fitzsimmons</u>, 509 U.S. 259, 113 S. Ct. 2606, 125 L. Ed.2d 209, 61 U.S. Lw. 4713 (1993), Mr. McElynn is absolutely immune from liability under 42 U.S.C. §1983;

        (ii)    The allegedly defamatory comments made by Mr. McElynn to the press are not alleged by Mr. Durham to have been the proximate cause of his conviction and subsequent incarceration. Thus, regardless of whether Mr. McElynn enjoyed immunity when making those statements, and regardless of whether that immunity is absolute or conditional, Mr. Durham does not allege that the commission of the slander during the press conference either deprived or threatened to deprive Mr. Durham of his liberty or property; thus, civil rights liability under Section 1983 is not triggered.

5

    (iii)  Mr. Durham's state law claims are barred by Pennsylvania common law doctrines of prosecutorial immunity res judicata.

    (iv)  The complaint fails to lay down a factual foundation for any claim that the County of Erie had a policy, custom or practice of violating the rights of those accused of having committed a crime. Although Mr. Durham complains of the conduct of the police officers who conducted his arrest, there is no claim that the police officers were employed by or affiliated with the County (as distinguished from the City); accordingly, the police officers' conduct cannot be evidence of a constitutional violation by the County. Similarly, Judge Anthony, while still not properly served, is nonetheless not a pathway for Mr. Durham to allege civil rights liability on the part of the County; Judge Anthony was no more an employee of the County than were the police officers who arrested Mr. Durham.

7.    The purpose of this paper is to formally respond to the motion which Mr. Durham has filed seeking summary judgment. However, inasmuch as Mr. Durham's position in his motion is identical to the position which he alleges in his complaint, these defendants, too, will rely upon previous filings in their response. Specifically, these defendants incorporate their motion to dismiss the complaint and memoranda filed in support of that motion, and their response to the plaintiff's objections to the report and recommendations of the Magistrate Judge.

WHEREFORE, the defendants, County of Erie and Christopher McElynn, respectfully requests Your Honorable Court to enter an order denying the plaintiff's motion for summary judgment and granting these defendants' motion to dismiss the complaint.

    Respectfully submitted,

    KNOX McLAUGHLIN GORNALL &
    SENNETT, P.C.

By: /s/ Mark E. Mioduszewski
    Mark E. Mioduszewski
    120 West Tenth Street
    Erie, PA  16501-1461
    (814) 459-2800
    (814) 453-4530/fax
    mmioduszewski@kmgslaw.com
    PA ID #30301

    Attorneys for Defendants,
    County of Erie and Christopher McElynn

bjb# 652908

## **ORDER**

AND NOW, to wit this ___ day of _____, 2006, upon consideration of the foregoing motion of the plaintiff, Warren Durham, Jr., for summary judgment, it is hereby ORDERED, ADJUDGED and DECREED that motion be and hereby is denied.

IT IS FURTHER ORDERED that this Court adopts the report and recommendation dated November 30, 2005 of Chief United States Magistrate Judge Susan Paradise Baxter on the motion of the County of Erie and Christopher McElynn to dismiss the plaintiff's complaint and the complaint and therefore this action is hereby dismissed, with prejudice, as against those defendants.

BY THE COURT:

_____
Sean J. McLaughlin, United States District Judge

bjb# 652908