IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WARREN DURHAM, JR.         )<br>             Plaintiff,    )<br>   v.                 )<br>                     )<br>CITY AND COUNTY OF ERIE, et al.,    )<br>            Defendants.    ) | C.A. No. 04-297Erie<br>District Judge McLaughlin<br>Magistrate Judge Baxter |

**MEMORANDUM ORDER**

**Procedural History**

Plaintiff's complaint was received by the Clerk of Court on October 6, 2004, and was referred to United States Magistrate Judge Susan Paradise Baxter for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

Plaintiff alleges that his constitutional rights were violated by Defendants. Named as Defendants in this case are: the City of Erie, Pennsylvania, the County of Erie, Pennsylvania, Christopher McElynn, an Assitant District Attorney, Bruce Tackett, a forensic scientist, Officers Patrick Durkin and James Washburn of the Erie City Police and Judge Fred Anthony. Plaintiff claims that Defendant County of Erie failed to train or supervise its police officers and allowed an unreasonable search by them and that Defendant McElynn violated his constitutional right by concealing exculpatory evidence, introducing fasle evidence, obtaining false statements, selecting a biased jury, and making defamatory statements. Plaintiff also makes a state law claim of malicious prosecution against Defendant McElynn.[1] As relief, Plaintiff seeks monetary damages.

By Report and Recommendation filed November 30, 2005, the Magistrate Judge recommended that the motion to dismiss filed by Defendants McElynn and County of Erie be granted. The Report and Recommendation concluded that: 1) Defendant McElynn was entitled

---

[1] The claims against the other named Defendants are not pertinent to the discussion herein.

1

to absolute immunity as a prosecutor and 2) that Defendant County of Erie should be dismissed because it is protected by sovereign immunity and the County does not have any supervisory authority over the City's police officers.   The Magistrate Judge further opined that this Court should not exercise its discretion to retain supplemental jurisdiction over the state tort claim of malicious prosecution. Document # 22.

Plaintiff filed Objections to the Report and Recommendation.  In his Objections, Plaintiff argues the Defendant McElynn is not absolutely immune under Buckley v. Fitzsimmons, 509 U.S. 259 (1993).  Plaintiff further argues that Defendant County of Erie engaged in a policy of failing to supervise or train its police officers and is therefore liable. Document # 23.  Defendants have filed a response to the Plaintiff's Objections.  Document # 25.

### *De Novo* Review

**1.     Prosecutorial Immunity**

In his complaint, Plaintiff makes the following allegations against Defendant McElynn:

26. Defendant, Christopher McElynn, acted indifferent to Plaintiff's constitutional rights when allowing the prosecutrix in his criminal case to extort monies from Plaintiff's family.  That said malicious action was ignored to assure favorable testimony against Plaintiff.

27. Defendant, McElynn, did cause the Plaintiff to be maliciously prosecuted when concealing and/or destroying exculpatory evidence.

28. Defendant, McElynn, violated Plaintiff's right to a fair trial when obtaining false statements from Defendants, Tackett, Washburn and Durkin.

29. Defendant McElynn, did violate Plaintiff's right to a fair trial when selecting a biased jury, despite an affirmative response of biasness from jurors.

30. Defendant McElynn, acted with deliberate indifference to the risks that his subordinates would introduce false evidence at the Plaintiff's criminal trial.

31. Defendant McElynn, has established a policy and custom in his office of using false evidence during Plaintiff's trial, which violated Plaintiff's right to a fair trial.  That his malicious acts were for a purpose other than brining Plaintiff to justice.

2

> 32. Defendant McElynn, did make false and defamatory statements against Plaintiff in the local Erie newspaper. That such statements represented to the public that the Plaintiff was mentally imbalanced and morally corrupt.

Document # 1, Complaint. Plaintiff also raises a state tort claim of malicious prosecution against Defendant McElynn.[2]

Plaintiff's assertion in his Objections that Defendant McElynn's allegedly defamatory comments against him are not protected by absolute immunity under Buckley is facially correct.[3] In Buckley, the Supreme Court held that with respect to defamation claims, the commission of slander during a press conference by a district attorney is not entitled to absolute immunity. 509 U.S. at 277 ("Comments to the media have no functional tie to the judicial process just because they are made by a prosecutor."). Importantly for our analysis in this case, the Third Circuit has further held that while such defamation could be actionable *per se* as a matter of **state** law, it was not actionable under the **federal** Constitution (the due process clause of the 14th Amendment) unless the plaintiff can establish an injury to reputation substantial enough to produce a loss of liberty or property. See Jerrytone v. Musto, 2006 WL 162656, at * 4 (3d Cir. January 23, 2006) (Plaintiff "failed to allege any injury to liberty or property, a required component of an actionable defamation claim under § 1983."); Graham v. City of Philadelphia, 402 F.3d 139, 142 n.2 (3d Cir. 2005) ( "[A] plaintiff must show a stigma to his reputation plus some concomitant infringement of a protected right or interest" in order to bring a claim under the Due Process Clause); Ersek v. Township of Springfield, 102 F.3d 79, 83 n.5 (3d Cir. 1996) ("It is clear that to make out a claim for a violation of a liberty interest in reputation a plaintiff

---

[2] This Court will not exercise supplemental jurisdiction over the state law claims. See United Mine Workers of America v. Gibbs, 383 U.S. 715 (1966) ("That power [of supplemental jurisdiction] need not be exercised in every case in which it is found to exist. It has consistently been recognized that pendent [or supplemental] jurisdiction is a doctrine of discretion, not of plaintiff's right. ... Certainly, if the federal claims are dismissed before trial, ... the state claims should be dismissed as well.").

[3] As discussed in the Report and Recommendation, all Plaintiff's other claims against Defendant McElynn are barred by prosecutorial immunity.

3

must show a stigma to his reputation plus some concomitant infringement of a protected right or interest. This element is now commonly termed the 'reputation plus' or 'stigma-plus' requirement.").

So, in other words, in order for Plaintiff to raise a **federal** constitutional claim for defamation against Defendant McElynn, he must allege that he suffered more than merely injury to his reputation. Plaintiff has not met this burden as he has only alleged that McElynn's statements "represented ... that Plaintiff was mentally imbalanced and morally corrupt." Document # 1, Complaint, ¶ 32. Plaintiff has not alleged that he suffered an injury to his reputation so severe as to produce a loss of liberty or property.[4] The allegations, when viewed in the light most favorable to Plaintiff as the non-movant, are that Defendant McElynn made some allegedly untrue and derogatory statements about Plaintiff's character. Plaintiff's claim is "nothing more than a state defamation action masquerading as a Section 1983 claim" (Garner v. Township of Wrightstown, 819 F.Supp. 435, 442 (E.D. Pa. 1993)) and should be dismissed in this regard as he has failed to state a claim upon which relief may be granted.

2.     **Defendant County of Erie**

In Opposition to the Report and Recommendation, Plaintiff argues that the County should be held liable because it had an official policy which resulted in the allegedly unconstitutional conduct of its police officers. Plaintiff misunderstands the Report and Recommendation on this point. The County of Erie and the City of Erie are two separate and distinct governmental organizations. The **County** of Erie is not the employer and has no control over the **City's** police department or its officers and so, therefore, may not be liable for their actions.

The Report and Recommendation is adopted fully on this point.

---

[4] A review of the newspaper articles attached to Plaintiff's complaint reveals that Defendant McElynn's statements were made following Plaintiff's conviction and so therefore could not serve as the cause of Plaintiff's loss of liberty.

**Conclusion**

AND NOW, this 16th day of March, 2006;

Following a *de novo* review of the pleadings in this case,

IT IS HEREBY ORDERED that the Report and Recommendation by Magistrate Judge Baxter be adopted in part and rejected in part as the opinion of this Court. Plaintiff's allegations of defamation against Defendant McElynn are dismissed for failure to state a claim rather than on the basis of prosecutorial immunity; the Report and Recommendation is adopted as the opinion of this Court in all other regards. Defendants McElynn and County of Erie are hereby dismissed from this case.

S/ Sean J. McLaughlin
SEAN J. MCLAUGHLIN
UNITED STATES DISTRICT JUDGE