## U.S. DISTRICT COURT FOR WESTERN DISTRICT
## OF PENNSYLVANIA

| | |
|---|---|
| WARREN DURHAM, JR., | CIVIL ACTION |
| Plaintiff, | No.: 04-297E |
| -vs- | Judge Sean J. McLaughlin/Magistrate Judge Susan Paradise Baxter |
| CITY OF ERIE, PENNSYLVANIA, COUNTY OF ERIE, PENNSYLVANIA, CHRISTOPHER McELYNN, BRUCE TACKETT, JAMES WASHBURN, PATRICK DURKIN, and FRED P. ANTHONY, | |
| Defendants. | |

### BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

AND NOW, come the Defendants, City of Erie, James Washburn and Patrick Durkin, by and through their counsel, Law Office of Joseph S. Weimer and Edmond R. Joyal, Jr., Esquire, and files the following Brief in Support of Their Motion for Summary Judgment.

### I.     UNDISPUTED STATEMENT OF FACTS

The case was brought on behalf of the Plaintiff, Warren Durham, Jr., pro se, alleging that his civil rights were violated as the result of the investigation of a sexual assault. On January 23, 1996, Mr. Durham was arrested by the City of Erie police after a female reported a rape and gave a description of a man who was the alleged perpetrator. In addition, to the description, which Mr. Durham admits was his at the time, she gave police a vehicle license number, a location at which the vehicle might be found and the description of a handgun allegedly used during the assault.

The police broadcast all of the information over its radio system. The vehicle was located and the license plate was an Ohio registration. This vehicle was registered to plaintiff,

Warren Durham, Jr. The police went to the scene where the vehicle was and a male fitting the description of Mr. Durham was seen on the porch of a residence. It was determined that the residence was owned by Donald Durham, the brother of the plaintiff, Warren Durham, Jr.

On January 23, 1996, according to plaintiff, Erie Police "knocked on the door of Plaintiff's home and were promptly admitted in by Plaintiff. The officers inquired as to the owner of the Oldsmobile parked in front of Plaintiff's house. Upon responding that the car was his, Plaintiff was arrested." [1]

The alleged victim was brought to the scene by police and she positively identified Warren Durham, Jr. as her assailant. Mr. Durham was arrested and various search warrants were obtained by police, including warrants for the taking of DNA samples from Durham as well as search warrants for the vehicle and the home.

These warrants were issued by a District Magistrate and were served on the defendant as well as on the residence. The residence was searched by police after obtaining the warrants and an inventory was taken of items seized. The warrant on the home was served at a time when the owner was not present and the police made entry after announcing their presence on more than one occasion.

Mr. Durham was tried and convicted. During the trial, DNA evidence was submitted which found that there was a one in five and a half billion chance that the sample did not match the plaintiff in this case. During the trial, Durham was identified by the victim as was the gun found in the home. He was convicted and sentence to prison.

---

[1] See Plaintiff's motion for summary judgment page 1, statement of undisputed facts. Document 27.

Mr. Durham appealed his conviction to the Federal Courts alleging constitutional violations during the course of the trial. A new trial was ordered by the Court and he was subsequently found not guilty.

## II. ARGUMENT

### A. SUMMARY JUDGMENT STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(c) provides that summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

The standard for ruling on a motion for summary judgment as articulated by the Supreme Court in <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986) is as follows:

> the plain language of Rule 56(c) <u>mandates the entry of summary judgment</u>, after adequate time for discovery and upon motion, <u>against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial</u>.

477 U.S. at 322 (emphasis supplied).

Plaintiff's burden to establish an essential element of his claim is not met by speculation or conclusory allegations. See <u>Ridgewood Bd. of Educ. v. N.E. for M.E.</u>, 172 F.3d 238, 252 (3d Cir. 1999). There is no issue for trial unless there is "sufficient evidence favoring the non-moving party" such as would allow a jury to return a verdict in favor of that party. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249 (1986). If the evidence is "merely colorable" or "not significantly probative," summary judgment may be granted. <u>Id.</u> at 249-250.

B. **DEFENDANT POLICE OFFICERS HAD PROBABLE CAUSE TO ARREST PLAINTIFF. THEREFORE PLAINTIFF WAS NOT FALSELY ARRESTED OR FALSELY IMPRISONED**

The allegations contained in the Complaint against Washburn and Durkin are vague at best and the paragraphs directed to their actions are inconsistent with the claims made in introductory paragraphs of the Complaint. Paragraphs 35 through 40 outline the actions of these Defendants. They are devoid of specific facts and state that each of them engaged in a conspiracy with each other and the assistant district attorney McElynn, to violate his right to a fair trial "when knowingly making false statements that a gun was found at plaintiff's home pursuant to a valid search warrant." (Complaint paragraphs 35 and 38) He additionally charges that his Fourth Amendment rights were violated because his home was searched without a valid search warrant ( Paragraphs 36 and 39), and that he was deprived of his due process right to be free of criminal prosecution without probable cause (Paragraphs 37 and 40).

Plaintiff's Complaint does not indicate when the alleged unconstitutional search allegedly took place. However, Defendants presume that it allegedly took place on January 29, 1996. This is determined from the Request for Admissions served by Plaintiff upon these Defendants which uses the date of January 29, 1996 as the date of a search of the premises. ( See attached Exhibits A and B).

The facts are that no search was conducted of the premises on January 29, 1996, but was conducted on January 23, 1996 and other dates, pursuant to valid search warrants issued by a district magistrate. (See attached Exhibit C) Inventory forms were filed as a result of the searches and are attached hereto as Exhibit D.

Although the Complaint alleges that Plaintiff's Fourth Amendment rights were violated by all of the Defendants, the Complaint is vague as to whether Plaintiff is claiming specifically that his arrest itself lacked probable cause or that the prosecution undertaken against him was "without probable cause".

The Defendants will presume that Plaintiff is claiming that the arrest undertaken was without probable cause, and that he was maliciously prosecuted.

An assertion of false arrest, imprisonment or misuse of the criminal process pursuant to 42 U.S.C. §1983 is determined not by the guilt or innocence of the party who was arrested but by whether the arresting officers had probable cause to believe that the person arrested had committed the offenses. Dowling v. City of Philadelphia, 855 F.2d 135, 141 (3d Cir. 1988). An arrest based on probable cause cannot become the source of a claim for false imprisonment or malicious prosecution. Baker v. McCollan, 443 U.S. 137 (1979); Groman v. Township of Manalapan, 47 F.3d 628 (3d Cir. 1995); Dowling v. City of Philadelphia, 855 F.2d 135, 141 (3d Cir. 1988); Brown v. Stewart, 910 F.Supp. 1064 (W.D. Pa. 1996). In Baker, the Supreme Court found that probable cause existed to arrest the plaintiff, and therefore, plaintiff's subsequent claims of false imprisonment were without merit. The Third Circuit in Dowling upheld summary judgment against a plaintiff who claimed misuse of process where the underlying arrest of the plaintiff was supported by probable cause. The Brown court asserted that it is clear that an arrest based on probable cause could not become the source of a claim for false imprisonment.

This Court in DiNicola v. DiPaolo, 25 F. Supp. 2d 630 (1998), set forth in detail the standards that must be met by plaintiffs in order to prevail on claims of false arrest and imprisonment as well malicious prosecution. That case involved an arrest of plaintiff for arson.

The plaintiff in that case was tried and originally convicted, as in this case. In <u>DiNicola</u>, as in this case, the plaintiff was retried and acquitted.

In <u>DiNicola</u>, this Court held 1) arrestee's arrest and prosecution had been supported by probable cause as matter of law; (2) police did not undertake constitutionally insufficient investigation of arson and murders for which arrestee was arrested; (3) arresting officers enjoyed qualified immunity from claims under §1983; and (7) police conduct could not serve as basis of claim against municipality for failure to properly train and supervise officers.

In the instant matter, the Erie police had received specific information from the victim as to the description of the individual who had committed the assault; she described the motor vehicle used in the assault; she told the police the location where she believed that the vehicle and individual could be found; and when the police took her to that location she identified Warren Durham as her assailant.

Mr. Durham allowed the police into the home and was arrested after he admitted to be the owner of the vehicle used in the alleged attack and after he was identified by his alleged victim. Probable cause to arrest plaintiff existed in this matter because the officer(s) had specific information from the victim that Durham was the perpetrator of the act against her.

The concept of probable cause is "defined in terms of facts and circumstances 'sufficient to warrant a prudent [person] in believing that the [suspect] had committed or was committing an offense.' " <u>Sharrar</u>, 128 F.3d at 817-18 (quoting <u>Gerstein v. Pugh</u>, 420 U.S. 103, 111, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975)). Thus, the standard is an *objective* one and is to be applied based on the facts available to the officers at the time of their alleged unlawful conduct. <u>Barna v. City of Perth Amboy</u>, 42 F.3d 809, 819 (3d Cir.1994) (citing <u>Beck v. Ohio</u>, 379 U.S. 89, 96, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964) and <u>Edwards v. City of Philadelphia</u>, 860 F.2d 568, 571 n. 2 (3d Cir.1988)). Whether the accused is ultimately convicted is of no moment: "Evidence that may prove insufficient to establish guilt at trial may still be sufficient to find the arrest

occurred within the bounds of the law." *Id.* (citing Henry v. United States, 361 U.S. 98, 102, 80 S.Ct. 168, 4 L.Ed.2d 134 (1959)). DiNicola v. DiPaolo, 25 F. Supp. 2d 630 (1998) at 637, 638. Under that standard long as Washburn and/or Durkin had some reasonable basis to believe that Durham had committed the crimes with which he was charged, the arrest and prosecution are justified as being based on probable cause. *See id.*

C. **THE DEFENDANT OFFICERS ARE ENTITLED TO QUALIFIED IMMUNITY FOR THEIR ACTIONS IN ARRESTING PLAINTIFF**

Government officials performing discretionary functions within the scope of their employment are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Sharrar v. Felsing, 128 F.3d 810 (3d Cir. 1997); Fortunato v. Handler, 969 F.Supp. 963 (W.D. Pa. 1996). Where an officer can show that he held an objectively reasonable belief that his actions were lawful, he will be immune from suit alleging a constitutional violation arising therefrom. Baker v. McCollan, 443 U.S. 137, 144 (1979); Orsanti v. New Jersey State Police, 71 F.3d 480, 483 (3d Cir. 1995).

Qualified immunity would protect Washburn and Durkin from liability unless "'on an objective basis, it is obvious that no reasonably competent officer would have concluded that' probable cause existed"' for Durham's arrest and prosecution. Radich v. Goode, 886 F.2d 1391, 1395 (3d Cir.1989) (quoting Malley v. Briggs, 475 U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986). Based upon the evidence in the record of this case, it is clear that these officers reasonably concluded that probable cause existed for the arrest and prosecution of Durham.

Finally, Plaintiff has produced no evidence to support his allegations that Washburn and Durkin engaged in any type of conspiracy with McElynn or anyone in his prosecution and any reference to a claim for conspiracy should be dismissed as well.

D.   **PLAINTIFF CANNOT MAINTAIN AN ACTION FOR MALICIOUS PROSECUTION AS THERE WAS PROBABLE CAUSE TO ARREST HIM**

In order to maintain an action for malicious prosecution, the Plaintiff must show that no probable cause existed to support her prosecution. DiNicola v. DiPaolo, 25 F.Supp.2d 630 (W.D.Pa. 1998). The showing of probable cause is an absolute defense to a claim of malicious prosecution. Tomaskevich v. Specialty Records Corp., 717 A.2d 30 (Pa.Cmwlth. 1998); Dowling v. City of Philadelphia, 855 F.2d 135 (3d Cir. 1988). A civil action for malicious prosecution under the civil rights statute requires that the defendants initiate criminal proceedings which ends in plaintiff's favor, the criminal proceedings were initiated without probable cause, and that defendants act maliciously or for other purpose than bringing criminal defendants to justice. Kosta v. Connolly, 709 F.Supp. 592 (E.D.Pa. 1989).

In this case, as discussed previously, the defendant officers had probable cause to arrest Plaintiff.

Since the officers had probable cause to arrest Plaintiff, Plaintiff's cause of action for malicious prosecution must be dismissed and judgment entered for these Defendants.

F.   **PLAINTIFF HAS FAILED TO STATE A CLAIM AGAINST THE CITY OF ERIE UPON WHICH RELIEF CAN BE GRANTED**

Plaintiff's allegations against Defendant County of Erie include:

18.  Defendants, City and County of Erie, violated Plaintiff's rights under theFourth, Sixth and Fourteenth Amendments. The Defendants has [sic] officially sanctioned its decision makers to deprive Plaintiff of his constitutional right to a fair trial, resulting in malicious prosecution.

19.  That Defendants, City and County of Erie, has [sic] officially adopted andpromulgated a persistent, wide spread practice by Defendants, McElynn, Tackett and Anthony to violate Plaintiff's right to a fair trial.

20.  That even if Defendants, City and County of Erie, although not authorized by officially adopted and promulgated policy, it is so common and well settled as to constitute a custom that fairly represents municipal policy that violated the right of Plaintiff to a fair trial.

21. That Defendants, City and County of Erie, actions whether officially adopted or not authorized, was nevertheless taken with deliberate indifference as to its known or obvious consequences to Plaintiff, that of deprivation of rights inflicted. The Defendants has [sic] shown deli deliberate indifference in the obvious pattern of its policy makers deprivation of the constitutional right to a fir trial.

22. Defendants, City and County of Erie, violated Plaintiff's rights under the Fourth and Fourteenth Amendments. Specifically its failure to train or supervise police officers adequately or failure to respond to complaints about the un constitutional acts of police officers.

23. That Defendants, City and County of Erie, has [sic] officially adopted and promulgates a persistent, widespread practice of Defendants, Washburn and Durkin to violate Plaintiff's rights against unreasonable searches.

24. That even if Defendants, City and County of Erie, although not authorized by officially adopted and promulgated policy, it is so common and well settled as to constitute a custom that fairly represents municipal policy that violated the right of Plaintiff to a fair trial.

25. That Defendants, City and County of Erie, actions whether officially adopted or not authorized was nevertheless a deliberate or conscious choice by a policy and its known or obvious consequences to Plaintiff, that of deprivation of rights inflicted. The Defendant has shown deliberate indifference in the obvious pattern of its police officers deprivation of constitutional right against unreasonable searches.

In order to establish liability under § 1983, plaintiff must show that: (1) he was deprived of rights secured by United States Constitution or laws of United States, and (2) he was subjected or caused to be subjected to constitutional deprivation by person acting under color of state law. 42 U.S.C.A. § 1983.

In addition, entities acting under color of state law cannot be held liable under 42 U.S.C. §1983 on a *respondeat superior* theory. Monell v. Department of Social Services, 436 U.S. 658 (1978) (superiors of line officers who act in violation of constitutional rights may not be held liable on a theory of vicarious liability merely because the superior had a right to control the line officer's action); Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293-1295 (3d Cir. 1997) (to hold police chief liable under § 1983 for violating female subordinate officer's rights,

she was required to prove that he personally participated in violating the her rights, that he directed others to violate her rights, or that he had knowledge of and acquiesced in his subordinates' violations).

To state a viable claim under section 1983 against the City of Erie, Plaintiff must allege that he was injured as the result of a "policy or custom" of this entity-defendant. Monell, 436 U.S.691.

A "[p]olicy is made when a 'decision maker possess[ing] final authority to establish municipal policy with respect to the action' issues an official proclamation, policy or edict." Andrews v. City of Philadelphia, 895 F.2d 1469, 1480 (3d Cir. 1990). A custom "can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990). While Plaintiff's complaint contains broad assertions of "custom and policy," he cannot state a claim against the City of Erie because he has produced no facts or evidence to support his conclusory allegations in his Complaint.

In addition, for the reasons stated above in support of the Motion of the officers, a claim against the City can not be proven because there was no constitutional violation by the Defendant officers. Williams v. Borough of West Chester, 891 F. 2d 458, 467 (3d Cir. 1989) (where no viable claim against and individual officer, there can be no Monnell claim against the Borough); Andrews v. City of Philadelphia, supra. Therefore, summary judgment should be granted in favor of Defendant County of Erie.

## II. **CONCLUSION**

For the foregoing reasons, Defendants, City of Erie, James Washburn and Patrick Durkin request this Honorable Court to grant their Motion for Summary Judgment.

**LAW OFFICE OF JOSEPH S. WEIMER**

BY: */s/Edmond R. Joyal, Jr.*
Edmond R. Joyal, Jr., Esquire
Pa. I.D. #65907
Attorney for Defendants, City of Erie, James Washburn and Patrick Durkin
975 Two Chatham Center
Pittsburgh, PA 15219
(412) 338-3098

## **CERTIFICATE OF SERVICE**

        I, Edmond R. Joyal, Jr., Esquire hereby certify that a true and correct copy of the foregoing BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT has been served via electronic transmission and First Class Mail, postage pre-paid, upon the following parties on this 13th day of July, 2006.

| | |
|---|---|
| Warren Durham, Jr.<br>12119 Matherson Avenue<br>Cleveland, OH  44135<br>***(Pro Se Plaintiff)*** | A. Taylor Williams, Esquire<br>Administrative Office of Pennsylvania Courts<br>1515 Market Street, Suite 1414<br>Philadelphia, PA  19102<br>***(Counsel for Defendant, Judge Fred P. Anthony)*** |
| Kemal Alexander Mericli<br>Office of the Attorney General<br>Civil Litigation Section<br>564 Forbes Avenue<br>6th Floor, Manor Complex<br>Pittsburgh, PA  15219<br>***(Counsel for Defendant, Bruce Tackett)*** | |

**LAW OFFICE OF JOSEPH S. WEIMER**

BY: */s/Edmond R. Joyal, Jr.*
      Edmond R. Joyal, Jr., Esquire
      Pa. I.D. #65907
      Attorney for Defendants, James Washburn and Patrick Durkin
      975 Two Chatham Center
      Pittsburgh, PA  15219
      (412) 338-3098