IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WARREN DURHAM, JR.,<br>           Plaintiff,<br>     v.<br>CITY & COUNTY OF ERIE, et al.,<br>           Defendants. | C.A. No. 04-297 Erie<br>District Judge McLaughlin<br>Magistrate Judge Baxter |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.  RECOMMENDATION**

It is respectfully recommended that the motion for summary judgment filed by Defendant Tackett [Document # 58] be granted.

It is further recommended that the motion for summary judgment filed by Defendants City of Erie, Patrick Durkin and James Washburn [Document # 63] be granted.

It is further recommended that the motions for summary judgment filed by Plaintiff [Documents # 66 and 68] be denied.

Further, Defendant Anthony should be dismissed from this case. This case should be closed.

**II.  REPORT**

Plaintiff filed this lawsuit on October 6, 2004, alleging that his constitutional rights were violated by Defendants. Originally named as Defendants were: the City of Erie, Pennsylvania and the County of Erie, Pennsylvania; Christopher McElynn, an Assistant District Attorney; Bruce Tackett, a forensic scientist; and Patrick Durkin and James Washburn, City of Erie Police officers.[1] Plaintiff also listed Judge Fred Anthony as a defendant.[2]

---

[1] The County of Erie and Assistant District Attorney McElynn have previously been dismissed from this case. Documents # 22 and 32. Plaintiff appealed this determination to the

1

In January of 1996, Plaintiff was arrested at his home for the rape of Jeanette Rattley. In March of 1996, several months before the trial, the victim, Jeanette Rattley, recanted her allegations of rape, and signed a statement to the effect that she had consensual sexual contact with Warren Durham. See Document # 39, page 18. Despite the recantation of the victim, incredibly in July of 1996, Plaintiff was convicted of rape, involuntary deviate sexual intercourse and related crimes in the Court of Common Pleas of Erie County, Pennsylvania. In 2004, the United States Court of Appeals for the Third Circuit granted Mr. Durham habeas relief and overturned his conviction based upon the denial of his Sixth Amendment right to counsel. See Civil Action Number 00-391E. Following a retrial, Plaintiff was acquitted of all charges.

In the present case, Plaintiff does not allege constitutional violations due to the lack of counsel, but instead alleges that his trial was unfair for other reasons. Plaintiff claims that Defendant City of Erie failed to train or supervise its police officers and allowed an unreasonable search by its police officers. Plaintiff claims that Defendants Police Officers Durkin and Washburn violated his Fourth Amendment rights and that Defendant Tackett testified falsely about DNA evidence at the first trial. As relief, Plaintiff seeks monetary damages.

### A.    Standards of Review
####  1.    *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521(1972) quoting

---

United States Court of Appeals for the Third Circuit. On October 16, 2006, Plaintiff's appeal was dismissed for lack of jurisdiction. Document # 70.

² See section E, infra.

Conley v. Gibson, 355 U.S. 41, 45-46 (1957). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should be done so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

        **2.**     **Motion for summary judgment**

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(e) further provides that when a motion for summary judgment is made and supported, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Id.

A district court may grant summary judgment for the defendant when the plaintiff has failed to present any genuine issues of material fact. See Fed.R.Civ.P. 56(c); Krouse v. American Sterilizer Company, 126 F.3d 494, 500 n.2 (3d Cir. 1997). The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving

party's claims.  Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Country Floors, Inc. v. Partnership Composed of Gepner and Ford, 930 F.2d 1056, 1061 (3d Cir. 1990).  Further, "[R]ule 56 enables a party contending that there is no genuine dispute as to a specific, essential fact 'to demand at least one sworn averment of that fact before the lengthy process of litigation continues.'"  Schoch v. First Fidelity Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990) quoting Lujan v. National Wildlife Federation, 497 U.S. 871 (1990).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial.  Matsushita Elec. Indus. Corrections Officer. v Zenith Radio Corp., 475 U.S. 574 (1986); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment).  The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim.  Celotex, 477 U.S. at 322; Country Floors, 930 F.2d at 1061.

A material fact is a fact whose resolution will affect the outcome of the case under applicable law.  Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248 (1986).  Although the court must resolve any doubts as to the existence of genuine issues of fact against the party moving for summary judgment, Rule 56 "does not allow a party resisting the motion to rely merely upon bare assertions, conclusory allegation or suspicions." Firemen's Ins. Corrections Officer. of Newark, N.J. v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982).  Summary judgment is only precluded if the dispute about a material fact is "genuine," i.e., if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  Anderson, 477 U.S. at 247-249.

### B. Defendant Bruce Tackett

As to Defendant Tackett, Plaintiff alleges that he fabricated DNA evidence during the first criminal trial of Plaintiff.  Document # 1, Complaint, ¶ 33-34.  Defendant Tackett, a

4

forensic scientist employed by the Pennsylvania State Police, argues that summary judgment should be granted in his favor because he is immune from such a suit.[3]  This Court agrees.

The United States Supreme Court has held that a prosecution witness is immune from civil rights liability based on a claim that the witness' testimony was perjured.  Briscoe v. LaHue, 460 U.S. 325, 346-347 (1983) ("In this instance it has been thought in the end better to leave unredressed the wrongs done by dishonest officers than to subject those who try to do their duty to the constant dread of retaliation. [...]  In short, the rationale of our prior absolute immunity cases governs the disposition of this case. In 1871, common-law immunity for witnesses was well settled.  The principles set forth in Peirson v. Ray to protect judges and in Imbler v. Pachtman to protect prosecutors also apply to witnesses, who perform a somewhat different function in the trial process but whose participation in bringing the litigation to a just - or possibly unjust - conclusion is equally indispensable.").  See also Kuliwicki v. Dawson, 969 F.2d 1454, 1467 n.16 (3d Cir. 1992).  In so holding, the Supreme Court opined that "subjecting government officials, such as police officers, to damages liability under § 1983 for their testimony might undermine not only their contribution to the judicial process but also the effective performance of their other public duties." Briscoe, 460 U.S. at 343.

Accordingly, as Defendant Tackett is immune from liability, the motion for summary judgment [Document # 58] should be granted in his favor.  For the same reasons, Plaintiff's motion for summary judgment against Defendant Tackett [Document # 66] should be denied.

    **C.    Defendants Washburn and Durkin**

        **1.    The Allegations**

As to the police officer Defendants, Plaintiff alleges:

    35.    Defendant James Washburn, did conspire with Defendants, McElynn and Durkin, in violating Plaintiff's right to a fair trial when knowingly making

---

[3] Despite the advanced age of this matter, this is the first time Defendant Tackett has filed a dispositive motion in this case.

5

        false statements that a gun allegedly used by Plaintiff was found at Plaintiff's home pursuant to a valid search warrant.

36. Defendant Washburn did violate Plaintiff's Fourth Amendment right when conducting a search of Plaintiff's home without a valid search warrant.

37. Defendant Washburn deprived Plaintiff of his due process right to be free from criminal prosecution except upon probable cause.

38. Defendant Patrick Durkin did conspire with Defendants Washburn and McElynn in violating Plaintiff's right to a fair trial when knowingly making false statements that a gun was found at Plaintiff's home pursuant to a valid search warrant.

39. Defendant Durkin deprived Plaintiff of his due process right to be free from criminal prosecution except upon probable cause.

Document # 1, Complaint. In his Opposition to the pending motion, Plaintiff's allegations against these police officer Defendants are clarified. Liberally construing Plaintiff's arguments, Plaintiff seems to be arguing that the search warrant had expired by the time the police executed the search of the property allegedly on January 29, 2006. Plaintiff also argues that the police exceeded the scope of the warrant by searching his roommate's bedroom closet where they found a gun which was used as evidence at his trial. Hence, Plaintiff's argument is two-fold: 1) that the police executed a warrantless search of his home following the expiration of an otherwise valid search warrant; and 2) alternatively, that the police exceeded the scope of the warrant by searching his roommate's room. Plaintiff's allegations of the denials of due process and his right to a fair trial flow from these alleged Fourth Amendment violations.

        **2.**     **Analysis**

            **a).**    **Expiration of the search warrant**

According to the allegations in Plaintiff's complaint, he was arrested upon answering his front door and admitting ownership of an Oldsmobile automobile on January 23, 1996. Plaintiff alleges that while he was in jail the police searched his home on January 29, 1996, in violation of his Fourth Amendment rights because the search warrant issued on January 23rd had expired.

Defendants have provided a copy of the search warrant for Plaintiff's residence at 2304

French Street.  Document # 64-5.  The warrant is numbered J15086 and the date of application is listed as January 23, 1996.  Id.  The search warrant indicates on its face that it must be executed before January 25, 1996.  Id.  The Result of Search section, signed by Defendant James Washburn, indicates that the search was conducted by him and several other officers on January 23, 1996.  Id.  Additionally, the Answers to Requests for Admissions by Defendants Washburn and Durkin reflect that the search of the residence was conducted on January 23, 1996.  Documents # 64-2 and 64-3.

Plaintiff has provided no evidentiary support for his allegation that the search of his residence occurred on January 29, 1996, following the expiration of the search warrant.  The law is clear that in the face of a motion for summary judgment by the opposing party, Plaintiff cannot rest on his own bald assertions.  See Celotex, 477 U.S. at 322 (the non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden).  Accordingly, Defendants Washburn and Durkin should be granted summary judgment as to this claim.

### b).   Scope of warrant

Next, Plaintiff argues that these Defendants exceeded the scope of the warrant by searching his roommate's bedroom and closet, wherein they seized a gun which was introduced as evidence against Plaintiff at trial.

The Fourth Amendment provides that a search warrant "particularly describ[e] the place to be searched, and the persons or things to be seized." U.S. CONST. Amend. IV.  The Supreme Court has held "[i]f the scope of the search exceeds that permitted by the terms of a validly issued warrant [...] the subsequent seizure is unconstitutional without more." Horton v. California, 496 U.S. 128, 140 (1990).  The Fourth Amendment does require that police actions in execution of a warrant be related to the objectives of the authorized intrusion.  See Arizona v. Hicks, 480 U.S. 321, 325 (1987).

Here, the search warrant at issue describes the place to be searched as "the residence and

curtilage of 2304 French Street which is a green two and a half story with white trim with a block porch" and further describes the only item to be seized as a "black handgun" (which had allegedly been used by the perpetrator during the commission of the rape). Document # 64-5. There is no indication in the record that Defendants exceeded the scope of the warrant here. As the warrant was issued, Defendants were permitted to search the entire home for a black gun and Plaintiff's own allegations acknowledge that this is exactly what they did.

Accordingly, the motion for summary judgment [Document # 63] should be granted as to Defendants Washburn and Durkin and Plaintiff's motion for summary judgment [Document # 68] should be denied.

### D.   Defendant City of Erie

#### 1.   The Allegations

Plaintiff's allegations against Defendant City of Erie include:

18. Defendants, City and County[4] of Erie, violated Plaintiff's rights under the Fourth, Sixth and Fourteenth Amendments. The Defendants has [sic] officially sanctioned its decision makers to deprive Plaintiff of his constitutional right to a fair trial, resulting in malicious prosecution.

19. That Defendants, City and County of Erie, has [sic] officially adopted and promulgated a persistent, wide spread practice by Defendants, McElynn, Tackett and Anthony to violate Plaintiff's right to a fair trial.[5]

20. That even if Defendants, City and County of Erie, although not authorized by officially adopted and promulgated policy, it is so common and well settled as to constitute a custom that fairly represents municipal policy that violated the right of Plaintiff to a fair trial.

21. That Defendants, City and County of Erie, actions whether officially adopted or not authorized, was nevertheless taken with deliberate indifference as to its known or obvious consequences to Plaintiff, that of deprivation of rights inflicted. The Defendants has [sic] shown deliberate indifference in the obvious pattern of its policy makers deprivation of the constitutional right to a fair trial.

---

[4] The County of Erie is no longer a party to this action. See Documents # 22 and 32.

[5] Defendants McElynn, Tackett and Anthony are not employees of Defendant City of Erie and so the City cannot be held liable for their actions.

8

22. Defendants, City and County of Erie, violated Plaintiff's rights under the Fourth and Fourteenth Amendments. Specifically its failure to train or supervise police officers adequately or failure to respond to complaints about the unconstitutional acts of police officers.

23. That Defendants, City and County of Erie, has [sic] officially adopted and promulgates a persistent, widespread practice of Defendants, Washburn and Durkin to violate Plaintiff's rights against unreasonable searches.

24. That even if Defendants, City and County of Erie, although not authorized by officially adopted and promulgated policy, it is so common and well settled as to constitute a custom that fairly represents municipal policy that violated the right of Plaintiff to a fair trial.

25. That Defendants, City and County of Erie, actions whether officially adopted or not authorized was nevertheless a deliberate or conscious choice by a policy and its known or obvious consequences to Plaintiff, that of deprivation of rights inflicted. The Defendant has shown deliberate indifference in the obvious pattern of its police officers deprivation of constitutional right against unreasonable searches.

Document # 1, Complaint.

**2. Failure to state a claim against the City of Erie**

Plaintiff argues that the city should be liable because "the actions of the [other individual] Defendants who entered his home resulted from the following official policies or customs of the Erie Police Department: (1) allowing unconstitutional searches of private residences and other property in violation of the Fourth and Fourteenth Amendments; (2) providing inadequate training and supervision; and (3) directing the Defendants to conduct law enforcement activities in an unsavory manner." Document # 69, page 5.

In order to state a viable claim under section 1983 against this entity-defendant[6], Plaintiff must allege that he was injured as the result of a "policy[7] or custom[8]" of the Defendant City of

---

[6] In order to establish liability against **an individual** under § 1983, plaintiff must show that: (1) he was deprived of rights secured by United States Constitution or laws of United States, and (2) he was subjected or caused to be subjected to constitutional deprivation by person acting under color of state law. 42 U.S.C.A. § 1983.

[7] A "[p]olicy is made when a 'decisionmaker possess[ing] final authority to establish municipal policy with respect to the action' issues an official proclamation, policy or edict."

Erie. Monell v. Department of Social Services, 436 U.S. 658. 691 (1978). However, in order for Plaintiff to prevail on a § 1983 claim against the municipality, he must first demonstrate that an individual employee of the municipality violated his constitutional rights. Williams v. Borough of West Chester, Pa., 891 F.2d 458, 467 (3d Cir. 1989) ("West Chester cannot be vicariously liable under Monell unless one of West Chester's employees is primarily liable under section 1983 itself. If a person has suffered no constitutional injury at the hands of any individual police officer, the fact that the departmental regulations might have authorized unconstitutional action is quite beside the point.") (internal citation omitted); see also Potts v. City of Philadelphia, 224 F.Supp.2d 919, 932 (E.D. Pa. 2002) citing Williams.

Because Plaintiff has no viable claim against Defendants Washburn and Durkin in that the search warrant was valid and its scope was not exceeded, his claim against the City of Erie also fails. Accordingly, the motion for summary judgment [Document # 63] should be granted in favor of the City of Erie and Plaintiff's motion for summary judgment [Document # 68] should be denied.

### E.   Defendant Judge Anthony

Despite the advanced stage of this proceeding, Plaintiff has not served Judge Anthony with the complaint. In his Opposition to Defendant Tackett's motion for summary judgment, Plaintiff argues that Defendant Anthony has been served and obtained counsel who entered an appearance in this matter. Document # 67, page 2. In support of this conclusion, Plaintiff

---

Andrews v. City of Philadelphia, 895 F.2d 1469, 1480 (3d Cir. 1990).

[8] A custom "can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990). See also Robinson v. City of Pittsburgh, 120 F.3d 1286, 1296 (3d Cir.1997). Liability can be attributed to the government entity in custom type cases through a policy-maker's actual or constructive knowledge of and acquiescence in the unconstitutional custom or practice. Id. See also Jeffres v. Barnes, 208 F.3d 49 (2d Cir. 2000).

provides evidence in the form of a recusal order signed by Judge Anthony in Plaintiff's underlying criminal case. The recusal order, dated August 10, 2004, indicates that the basis for recusal is that Judge Anthony had received information that he had been named as a Defendant in a civil suit filed by Plaintiff. The recusal order is not proof that Defendant Anthony was served with the complaint in **this** action as the recusal order predates the filing of this case by two months.

Regardless of Plaintiff's failure to serve Judge Anthony, he should be dismissed from this action due to the doctrine of judicial immunity. Judicial officers are immune from damage suits arising out of their official duties. Stump v. Sparkman, 435 U.S. 349 (1978); Piskanin v. Hammer, 2005 WL 613644 (E.D.Pa.,2005) (applying judicial immunity to "district justice"). Judicial immunity is an "immunity from suit, not just from an ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 11 (1991). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of authority...." Sparkman 435 U.S. at 356. Judicial immunity may be overcome only when: (i) the challenged actions were not taken in the judge's judicial capacity; or (ii) the challenged actions, "though judicial in nature, were taken in the complete absence of all jurisdiction." Mireles, 502 U.S. at 11-12. In this case, the challenged actions of Judge Anthony were taken in his judicial capacity and were within his respective jurisdiction. Thus, Defendant Anthony is absolutely immune here and should be dismissed from this lawsuit.

III.   **CONCLUSION**

For the foregoing reasons, this Court respectfully recommends that the motion for summary judgment filed by Defendant Tackett [Document # 58] be granted.

It is further recommended that the motion for summary judgment filed by Defendants City of Erie, Patrick Durkin and James Washburn [Document # 63] be granted.

It is further recommended that the motions for summary judgment filed by Plaintiff [Documents # 66 and 68] be denied.

Further, Defendant Anthony should be dismissed from this case. This case should be closed.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights. _____

S/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief United States Magistrate Judge

Dated: February 1, 2007