**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 07-1857
_____

WARREN DURHAM, JR.
Appellant

v.

CHRISTOPHER MCELYNN, Individually in his capacity as
Assistant District Attorney; BRUCE TACKETT, Individually in
his capacity as Forensic Scientist; JAMES D. WASHBURN,
Individually in his capacity as Police Officer; PATRICK
DURKIN, Individually in his capacity as Police Officer;
FRED P. ANTHONY, In his capacity as Judge; CITY OF ERIE,
Pennsylvania; COUNTY OF ERIE, Pennsylvania
_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 04-cv-00297)
District Judge: Honorable Sean J. McLaughlin
_____

Submitted Under Third Circuit LAR 34.1(a)
October 17, 2007
Before: SLOVITER, BARRY and WEIS, Circuit Judges

(Filed: October 19, 2007)
_____

OPINION
_____

PER CURIAM

        Appellant Warren Durham, Jr., proceeding pro se, appeals from the District

Court's entry of judgment in favor of Appellees.  For the reasons that follow, we will

affirm.

On October 6, 2004, Durham initiated the underlying federal civil rights action, naming as defendants the City and County of Erie, Erie County Assistant District Attorney Christopher McElynn, Pennsylvania State Police forensic scientist Bruce Tackett, Erie County Court of Common Pleas Judge Fred P. Anthony, and two police officers employed by the City of Erie, James Washburn and Patrick Durbin.  In 1996, Durham was convicted of rape, involuntary deviate sexual intercourse and related crimes in the Court of Common Pleas of Erie County, Pennsylvania.  In 2004, this Court granted Durham's petition for a writ of habeas corpus, concluding that he had been denied his right to counsel in violation of the Sixth Amendment of the United States Constitution. Durham was then retried and found not guilty.  Durham's claims in this lawsuit relate to his initial prosecution.

Durham alleges that the City and County have a policy, practice, or custom of, or have shown deliberate indifference to, a pattern of unreasonable searches engaged in by their police officers.  He alleges that Assistant District Attorney McElynn violated his constitutional rights by concealing exculpatory evidence, selecting a biased jury, obtaining and using against him false statements from Tackett, Washburn and Durbin, and making false and defamatory statements against him to the media.  He charges Tackett with fabricating DNA evidence and conspiring to deny him a fair trial.  He claims that Officers Washburn and Durkin searched his home without a valid search warrant and knowingly made false statements at trial.  Finally, he alleges that Judge Anthony, who

presided over Durham's trial, violated his constitutional rights by permitting false

testimony at trial and allowing a biased jury to render a verdict against him. Durham also

raises a state law claim of malicious prosecution. He seeks compensatory and punitive

damages and prevailing party fees.

McElynn and the County of Erie moved to dismiss the claims against them,

arguing that the claims against McElynn were barred by prosecutorial immunity and/or

res judicata, and that the officers sued by McElynn were city, not county, employees and,

therefore, the County could not be liable for their actions. The Magistrate Judge agreed

that Durham's claims against McElynn were barred by prosecutorial immunity and

concluded that the claims against the County were baseless as the officers in question

were not in its employ. On March 16, 2006, the District Court adopted the Magistrate

Judge's Report & Recommendation in part, dismissing Durham's claim against the

County and his claim against McElynn for defamation for failure to state a claim on

which relief could be granted, see Ersek v. Twp. of Springfield, 102 F.3d 79, 83 n.5 (3d

Cir. 1996) (to state a claim of a due process violation based on injury to reputation, a

plaintiff must show "a stigma to his reputation plus some concomitant infringement of a

protected right or interest"). The Court dismissed his remaining claims against McElynn

on the basis of prosecutorial immunity. See Buckley v. Fitzsimmons, 509 U.S. 259, 269

(1993) (prosecutor entitled to absolute immunity for acts undertaken in the course of his

role as advocate for the state).

The remaining defendants then moved for summary judgment.[1]  The Magistrate

Judge recommended that Durham's claims against Tackett based on his expert testimony

at trial be denied as a matter of law due to his absolute immunity as a prosecution witness.

See Briscoe v. LaHue, 460 U.S. 325, 346-47 (1983) (prosecution witness in criminal trial

absolutely immune from civil right liability based on claim that testimony was perjury);

Kulwicki v. Dawson, 969 F.2d 1454, 1467 n.16 (3d Cir. 1992) (witness who testifies

falsely at trial absolutely immune from § 1983 action for damages).

The Court also recommended that summary judgment be entered in favor of

Officers Washburn and Durkin on Durham's claims that they searched his home without a

valid search warrant and knowingly made false statements regarding the search at trial.

Durham's claims were based on his allegation that the officers entered his home

repeatedly after the otherwise valid search warrant had expired, and that they exceeded

the scope of the search warrant by searching his roommate's bedroom closet, where they

found a gun that was introduced as evidence against him at trial.  As summarized by the

Magistrate Judge:

> Defendants have provided a copy of the search warrant for Plaintiff's
> residence at 2304 French Street.  The warrant is numbered J15086 and the
> date of application is listed on January 23, 1996.  The search warrant
> indicates on its face that it must be executed before January 25, 1996.  The
> Result of Search section, signed by Defendant James Washburn, indicates
> that the search was conducted by him and several other officers on January
> 23, 1996.  Additionally, the Answers to Requests for Admissions by

---

[1]It appears that Judge Anthony was never served with the complaint.  Accordingly, he
never filed an answer, motion to dismiss, or other dispositive motion.

> Defendants Washburn and Durkin reflect that the search of the residence
> was conducted on January 23, 1996.

Explaining that Durham failed to introduce any evidentiary support for his allegations and

that he could not rest on his own bald assertions at the summary judgment stage, the

Magistrate Judge recommended that summary judgment be entered in favor of Appellees

on Durham's claim regarding the expiration of the search warrant.  See Celotex Corp. v.

Catrett, 477 U.S. 317, 322 (1986) (summary judgment should be entered against

nonmoving party who fails to make showing sufficient to establish existence of element

essential to that party's case).  With respect to his claim regarding the scope of the search

warrant, the Magistrate Judge explained that the search warrant described the place to be

searched as "the residence and curtilage of 2304 French St. which is a green two and a

half story with white trim with a block porch" and described the item to be seized as "a

black handgun" which had allegedly been used in the perpetration of the crime.  Because

the validity of the warrant was not in dispute, and because the warrant covered the entire

house, the Magistrate Judge recommended that summary judgment be entered in favor of

Appellees on this claim as well.  See Horton v. California, 496 U.S. 128, 140 (1990) (to

be valid, search warrant must describe with particularity place to be searched and person

or thing to be seized).

Finally, the Magistrate Judge recommended that summary judgment be entered in

favor of the City of Erie due to Durham's inability to establish that any of its employees,

i.e., Officers Washburn and Durkin, violated his constitutional rights.  See Williams v.

Borough of West Chester, 891 F.2d 458, 467 (3d Cir. 1989) (municipality may be held

liable under § 1983 only if it can be shown that one of its employees violated a plaintiff's

civil rights as result of municipal policy or practice).  In light of Durham's failure to serve

Judge Anthony with a copy of the complaint and under the doctrine of judicial immunity,

the Magistrate Judge recommended that the complaint against him be dismissed.

On March 15, 2007, the District Court approved and adopted the Magistrate

Judge's Report & Recommendation as the opinion of the court and entered summary

judgment in favor of all Appellees.  Durham now appeals.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.  We review

the District Court's grant of Appellees' motions to dismiss de novo.  See Alston v.

Parker, 363 F.3d 229, 232-33 (3d Cir. 2004).  Our review of the District Court's entry of

summary judgment is plenary, and we apply the same standard the District Court applied.

Stratton v. E.I. DuPont De Nemours & Co., 363 F.3d 250, 253 (3d Cir. 2004).  Summary

judgment is proper only if it appears "that there is no genuine issue as to any material fact

and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P.

56(c); Carrasca v. Pomeroy, 313 F.3d 828, 832-33 (3d Cir. 2002).

We have reviewed all of the arguments raised by Durham in his informal appeal

brief, and conclude that the District Court's thorough analysis of Durham's claims was

correct.  Accordingly, for the reasons given by the District Court, we agree that Judge

Anthony, McElynn, and the County of Erie were properly dismissed from this lawsuit,

and that summary judgment was properly entered in favor of the remaining Appellees.

We briefly clarify two points below.

Durham appears to argue that Tackett manufactured evidence to present against

him at trial.  However, it is undisputed that Tackett did not perform the DNA tests on

which the report was based, but simply testified to its contents at trial.  As explained

earlier, Tackett cannot be held liable for damages under § 1983 based on his trial

testimony.  See Briscoe, 460 U.S. at 346-47; Kulwicki, 909 F.2d at 1467, n.16.

With respect to his claim regarding the scope of the search warrant, Durham

argues that a search warrant directed against an apartment house or multi-unit building

must describe the particular room or sub-unit to be searched.  See Maryland v. Garrison,

480 U.S. 79, 86 (1987).  While Durham may have had a roommate, this does not convert

his single-family home into an apartment house or multi-unit building.  The search

warrant described the place to be searched as "the residence and curtilage of 2304 French

St." and that is what was searched.  Accordingly, we conclude that this argument is

without merit.

Based on the foregoing, we will affirm the judgment of the District Court.